CITY OF PONTIAC v. ABRAM AXFORD.

| 49 | 69 |
| j136 | 206 |

*City taxes—Council records.*

The charter of Pontiac requires the votes of all members of the council in relation to any act, proceeding or proposition had at any meeting, to be entered at large upon the minutes, especially where it relates to the assessment or taxation of property. *Held* that a city tax, voted without observing this requirement, was invalid ; and that amendatory resolutions adopted by a later council, of which less than a majority of the old council were members, could not make it valid. But state and county taxes are not affected by the illegality, nor does the charter provision apply where the action of the council is formal and compulsory, as where it has to raise a school tax on a vote of the district and has no discretion concerning it.

A city treasurer whose duty it is to collect city taxes and to make return to the county treasurer, and who has power to collect unpaid taxes by suit in the name of the city, does not act as a volunteer in paying over the amount of the city tax to the county treasurer even if he has not collected from certain individuals; his payment may be deemed to have been made to their use, and the city can maintain actions against them for the amount of their assessments.

Error to Oakland. Submitted Apr. 6. Decided June 28.

ASSUMPSIT. Plaintiff brings error. Reversed.

*L. W. Crofoot* for appellant. A town clerk or other officer who has made an erroneous record, has a right to amend it according to the truth : Dillon on Mun. Corp. §§ 232, 233; *Bishop v. Cone* 3 N. H. 516 ; *Gibson v. Bailey* 9 N. H. 176, 178; *Harris v. School District* &c. 28 N. H. 66; *Cass v. Bellows* 31 N. H. 509; *Pierce v. Richardson* 37 N. H. 312; and in *Hutchinson v. Pratt* 11 Vt. 419, it was held that in some states the clerk may make

the amendment *ex parte : Welles et al.* 'v. *Battelle et*:
*al.* 11 Mass. 481; *Boston Turnpike Co.* v. *Pomfret* 20
Conn. 590 ; *Chamberlain v.. Dover* 13 Maine 472 ; *Turley'*
v. *Logan County* 17 Ill. 153 ; *St. Charles* v. *O'Mailey* 18
Ill. 407 ; *Logansport v. Crockett* 64 Ind. 319 ; *Whittier v..*
*Varney* 10 N. H. 299.

*Aaron Perry* for appellee. Under the charter in this
case the yeas and nays upon the resolution levying the tax
should have been recorded : Pontiac City Charter secs. 39,
40, 41, 77 and 83 ; *Steckert v. East Saginaw* 22 Mich. 104 ;
Dillon Mun. Corp. § 229, n. ; *Morrison v. Lawrence* 98
Mass. 219 ; *Delphi v. Evans* 36 Ind. 100 ; *Matter of*
*taking lands:* 33 Hun 497 ; and another council could not
by a mere vote amend the record of its predecessor : *Samis*
v. *King* 40 Conn. 304 ; City Charter secs. 7, 39 and 63 ;.
*Covington* v. *Ludlow* 1 Met. (Ky.) 295 ; a city cannot
maintain an action for taxes if . they have once been paid
by any person without authority from or a request by the
defendant : *Beach v. Vanderburgh* 10 Johns. 361 ; *Jones v.*
*Wilson* 3 Johns. 434 ; *Overseers v. Overseers &c.* 14 Johns.
87 ; *Ingraham v. Gilbert* 20 Barb. 151 ; Abb. Trial Ev..
249, 250 ; *Mayor v. Hughes* 1 Gill. & J. 480 ; 19 Am.
Dec. 243.

CAMPBELL, J. (*Minority Opinion.*) Axford was sued
by the city of Pontiac to recover taxes assessed against him
on personal property. His defence was chiefly based on the
invalidity of the tax. The objection chiefly urged was that
the common council of Pontiac do not appear from the rec-
ord of their doings to have passed any of the resolutions
necessary to make the tax valid in the manner pointed out
by the charter, which requires that " the votes of all the·
members of the common council in relation to any act, pro-
ceeding or proposition had at any meeting shall be entered
at large in the minutes." This provision covers all cor-
porate action at the meetings, and specifies particularly in a
subsequent clause the adoption of any resolution, ordinance,.

report of a committee or other act for taxing or assessing property, &c.

In this case the minutes only showed the names of persons present at meetings, without showing their presence at the passage of any of the measures in question, which were stated in general terms, and without any names of voters, to have been unanimously passed. The case of *Steckert v. East Saginaw* 22 Mich. 104 being precisely in point upon a provision in the charter of East Saginaw, which is identical with the one before us, we need not discuss the question. The resolutions were invalid. And inasmuch as the difficulty covers all the local taxes, they cannot be collected in this suit unless cured by subsequent amendment.

After this case had been decided by a justice and appealed to the circuit, and while it was pending there, amendatory resolutions were passed by a subsequent council, including a portion but less than a majority of members in office when the first action was had, whereby the records were made to show the names of those who voted.

Assuming that such amendments may cure defects of this kind, this action can only be sustained by showing that the amendment was made by the same council that originally acted and therefore had knowledge of what took place at its meetings. This cannot be made out by matter ascertained by a subsequent council inquiring on testimony and not acting on any knowledge of its members.

The court below did not err in holding that the city could not recover in this action for State and county taxes paid to the county treasurer. They were not paid at defendant's request.

I think the judgment should be affirmed.

Cooley, J. I agree with my brother Campbell that, so far as the city taxes are concerned, the illegality pointed out must preclude a recovery. But the State and county taxes are not affected by this illegality and for them I think the suit will lie.

There would be no doubt on the subject if the city treasurer, at the time of making his return to the county treasurer, had not paid over these taxes to the county treasurer from the moneys of the city. This, it is claimed, was a voluntary payment which satisfied the tax without giving any claim against the tax-payer.

If the treasurer in making the payment had been a mere volunteer, I could assent to this view; but the treasurer was the proper authority to make collections for the city, and it is conceded that if he had not paid, he might have collected by suit in the name of the city. He can in no sense, therefore, be considered a volunteer; and it seems strange to contend that his right to collect is taken away by his paying over the money in advance of collection. That fact, one would think, ought to strengthen his right instead of defeating it. The defendant puts himself in the position of claiming the benefit of the payment which the city through its collector has made on his behalf; and in doing so he in effect affirms the agency of the city in making the payment. The payment, under such circumstances, may be deemed a payment to his use.

So far as the school tax is concerned, the record is blind, and we are not sufficiently apprised of the facts. I think, however, as to any school taxes which the common council are required to raise on vote of the district, or of any school authority, and in respect to which they have no discretion, the requirement of a yea and nay vote does not apply. The purpose of that requirement is to compel every member of the council to assume and bear his proper responsibility where judgment and discretion are to be applied; and its reason is absent where the action being taken by the council is formal and compulsory.

Many objections of a merely formal character appear in the record which I do not deem it necessary to notice.

The judgment should be reversed with costs and a new trial ordered.

GRAVES, C. J. and MARSTON, J. concurred.