## SHALERSVILLE BD OF ED v HORNER

Ohio Appeals, 7th Dist, Portage Co

Decided March 11, 1936

**422**

S. L. Summers, Prosecuting Attorney, Ravenna, and V. W. Filiatrault, Ravenna, for plaintiff in error.

E. J. Redmond, Ravenna, and W. J. Beckley, Ravenna, for defendant in error.

**OPINION**

By NICHOLS, J.

Leo J. Horner, defendant in error, filed his petition in the Common Pleas Court of Portage County, Ohio, against the Shalers-ville Board of Education, plaintiff in error, praying for a declaratory judgment as to the legality of a contract whereby he claimed to have been employed by the Shalersville Board of Education to teach the fifth and sixth grades in the public school of the district in the school year 1934 and 1935. The trial court found that the contract set up in plaintiff's petition was a valid, binding contract between the parties. The cause comes into this court on error, the parties being in inverse position to that occupied by them in the court below.

As shown by the bill of exceptions filed herein, the Shalersville Board of Education met in regular session May 21, 1934. A copy of the minutes of the meeting of the board, under date of May 21, 1934, and continued to June 1, 1934, is attached to the bill of exceptions as "Plaintiff's Exhibit B" and made a part thereof.

From the record of this meeting we find that, upon roll call, all of the members of the board were present, as follows: B. W. Mills, H. C. Short, President, Viola Ahrens, Leola Horner, and Anna Snyder.

After the transaction of certain preliminary business of the board, we find the following set forth in the minutes with relation to the hiring of teachers:

"Motion by Mills that Mrs. Gregg be hired for the coming year at $100, 2nd by Short.

"Vote Mills yes, Ahrens yes, Snyder yes, Short yes, Horner yes.

"Motion by Ahrens, 2nd by Horner that Miss Mildred Peterson be hired for the 3rd & 4th grade at $100 per month.

"Vote Snyder yes, Mills yes, Ahrens yes, Horner yes, Short yes.

"Motion by Mrs. Snyder, 2nd by Short that Leo Horner be hired to teach 5th & 6th grades at $100 per month.

"Vote Mills yes, Ahrens yes, Snyder yes, Short yes.

"Motion by Ahrens, 2nd by Short that Kenneth Hansen be hired for 7th & 8th at $120 per month.

"Vote Mills yes, Ahrens yes, Snyder yes, Short yes, Horner yes.

"Moved by Ahrens to postpone hiring of other High School teachers until June 1st, 2nd by Horner.

"Snyder yes, Mills yes, Ahrens yes, Horner yes, Short yes.

"Moved by Mills to hire Albert Biltz for janitor for $70 per month during school, also for month he cleans the school house $125 for other months.

"Mills yes, Snyder yes, Short yes, Horner yes, Ahrens yes.

"Adjourned until June 1st."

From the minutes of the adjourned meeting held June 1, we quote:

"Motion by Short, 2nd by Snyder that we begin with Principal to hire teachers.

"Vote Short yes, Snyder yes, Mills yes, Ahrens yes.

"Mr. Lottick hired by ballot, Short, Mills, Snyder voting for him. Mrs. Ahrens against.

"Motion by Snyder, 2nd by Mills to vote for Asst. Prin.

"Vote Short yes, Snyder yes, Mills yes, Ahrens yes.

"Miss Etling re-hired. Vote was by ballot.

"As the board was not informed of Attorney General ruling in cases where a parent is in the room where his son or daughter was hired for teaching position, vote at last meeting for Mr. Horner was considered illegal although contract had been presented to him, signed by the Clerk but not by President of the Board.

"Motion by Mills, 2nd by Snyder that Mrs. Kathleen Knight be rehired for the 5th & 6th room.

"Vote Short yes, Mills yes, Snyder yes, Ahrens no."

The minutes are signed "H. C. Short, Pres.

"Mary E. Cooley, Clerk."

As shown by the record, within a day or two subsequent to the meeting of May 21, and before the adjourned meeting of June 1, the clerk of the board, in accordance with the universal practice, made out a "teacher's contract," attached to the bill of exceptions as "Plaintiff's Exhibit A," whereby the board of education of Shalersville School District of Portage County, Ohio, purported to employ Leo J. Horner to teach in the public school of the district for eight or nine months, in the school year 1934 and 1935 (date of beginning and end of vacation to be fixed by board), in consideration of which service Leo J. Horner was to receive $100 per month at the end of each school month. This contract was signed by the clerk of the board of education and was signed and returned to the clerk by Leo J. Horner within ten days in accordance with a notice written at the bottom of the contract, and the record discloses that the signed contract was received by the clerk of the board prior to the adjourned meeting of June 1, 1934.

Leo J. Horner presented himself at the Shalersville school for the purpose of complying with this contract, but his services were refused by the board.

As stated above, the action is solely for the purpose of determining whether the contract claimed by plaintiff below to have been entered into by him with the board of education is a valid legal contract, there being no prayer in the petition for money judgment.

It is admitted in the record that Leo J. Horner was duly certified by the state of Ohio to teach school in the elementary grade. As further shown by the record, one of the members of the board, Leola Horner, is the mother of Leo J. Horner.

In this court the sole claim of the plaintiff in error is that the judgment of the trial court was contrary to law and against the weight of the evidence, it being claimed that the action of the board of education, as shown by the record of the minutes of its meetings, did not comply with the provisions of the General Code in relation to the hiring of teachers.

We quote the pertinent provisions of §4752, GC, as follows:

"A majority of the members of a board of education shall constitute a quorum for the transaction of business. Upon a motion to adopt a resolution authorizing the purchase or sale of real or personal property or to employ a superintendent or teacher, janitor or other employe or to elect or appoint an officer or to pay any debt or claim or to adopt any text book, the clerk of the board shall publicly call the roll of the members composing the board and enter on the records the names of those voting 'aye' and the names of those voting 'no.' If a majority of all of the members of the board vote aye, the president shall declare the motion carried. * * *"

All five of the members of the board of education were present at the meeting of May 21, 1934. The record does not specifically show that the roll was publicly called by the clerk upon the matter of the employment of Leo J. Horner as teacher of the fifth and sixth grades, but it may be remarked that the record does not show that the roll was called upon the several motions providing for the hiring of other teachers or for the hiring of the janitor. But in each and every instance, except upon the motion to hire Leo J. Horner, the record

of the meeting of May 21 specifically shows that each member, by name, voted "yes." Upon the motion providing for the employment of Leo J. Horner to teach fifth and sixth grades, it is specifically shown that Mills, Ahrens, Snyder and Short each voted "yes." It is pointed out that Mrs. Horner, the fifth member of the board who was the mother of Leo J. Horner, did not vote upon the motion for his employment.

It is claimed that the record is insufficient in two particulars, first, that it does not show that the roll of the members was publicly called by the clerk and, second, that it does not show that the name of Mrs. Horner was called upon the motion and that it does not show that Mrs. Horner voted either "yes" or "no." The defendant in error claims that the record is sufficient to show substantial compliance with the above quoted provisions of §4752, GC.

Plaintiff in error cites and relies upon the case of **Board of Education v Best, 52 Oh St 138, 39 NE 694, 27 L.R.A. 77**, from which we quote the syllabus:

"1. The clause in §3982, of the Revised Statutes, to-wit: 'Upon a motion * * * to employ a * * * teacher, * * * the clerk of the board shall call, publicly, the roll of all the members composing the board, and enter on the record required to be kept, the names of those voting aye, and the names of those voting no,' is a mandatory provision and must be strictly pursued.

"2. Where the minute book, containing a record of the proceedings of a board of education, shows that all the members of the board were present; that a motion to proceed to the election of teachers was carried by a unanimous vote; and that an applicant for the position of teacher was declared elected by a unanimous vote, but that the clerk did not call the roll of the members, and the names of those voting aye were not entered on the record, the requirement of the statute was not sufficiently complied with, and the election was invalid."

Sec 3982, Revised Statutes, is now §4752, GC.

We first observe that in the case at bar the minutes are silent as to whether the roll of members was publicly called, but in view of the fact that in each instance where a motion was made for the employment of a teacher the record does disclose the "yea or nay" vote of each member of the board, we may indulge in the presumption, in the absence of evidence to the contrary, that the roll was publicly called by the clerk, and that upon each motion for the hiring of a teacher the name of each and every member was publicly called except in relation to the motion for the employment of Leo J. Horner as teacher, and as to this motion as we may indulge in the presumption that the roll was publicly called as to each member other than Mrs. Horner.

"The rule that public officers are presumed to have performed the duties of their respective offices is affirmed by many Ohio cases. To state the rule in another manner, the law indulges in a presumption that public officers do as the law and their duty require them, unless the circumstances of the case overturn the presumption. This presumption applies to almost every class of civil officers; it has been indulged in with respect to a registrar of deeds and to a city sealer." **17 Ohio Jurisprudence, 129, §104.**

"No doctrine is better established than that the acts of an officer, within the scope of his powers and authority, are presumed to be rightly and legally performed until the contrary appears." **City of Steubenville v Culp, 38 Oh St 18, 22, 43 Am. Rep. 417.**

It is to be noted that the provisions of §4752, GC, above quoted, do not require that the clerk shall state in the minutes of the board of education that the roll was publicly called, but the section does specifically require that "the clerk of the board shall * * * enter on the records the names of those voting 'aye' and the names of those voting 'no'" It is significant to this court that the legislative provision does not say that the clerk shall enter on the records the fact that the roll of members composing the board was publicly called. So we can say that the specific requirements of the statute as to what shall be entered upon the record by the clerk, that is, the names of those voting "aye" and the names of those voting "no", have been strictly complied with in the matter of the employment of Leo J. Horner as teacher, unless the fact that the record fails to disclose that Mrs. Horner voted either "yes" or "no" shows failure to strictly comply with the requirement as to what shall be entered upon the record.

But in construing the requirements of

§4752, GC, we must take into consideration the provisions of another section of the General Code which prohibits a mother from taking any part in the election of her son as teacher. We quote §12932, GC:

"Whoever, being a local director or member of a board of education, **votes for or participates in** the making of a contract with a person as a teacher or instructor in a public school to whom he or she is related as father or brother, mother or sister, or acts in a matter in which he or she is pecuniarily interested, shall be fined not less than twenty-five dollars nor more than five hundred dollars or imprisoned not more than six months or both."

We have emphasized the words, "votes for or participates in" for the reason that they are particularly applicable to the situation in this case. Not only Mrs. Horner, but the clerk of the board as well as the other members thereof were presumed to know the provisions of §12932, GC, and doubtless did actually know that this section of the General Code prohibited Mrs. Horner from voting for, or participating in, the making of the contract with her son as teacher. We think it follows that Mrs. Horner's name should not have been publicly called by the clerk upon the motion to employ her son as teacher; that Mrs. Horner should not have voted either "yes" or "no" upon the motion; that the record discloses the "yea" and "nay" vote of every member of the board of education of the Shalersville school district, legally permitted to vote upon the motion to employ Leo J. Horner; and, that the record shows strict compliance with the provisions of §4752, GC, in the matter of the employment of Leo J. Horner as teacher in the public schools of the district.

It will be noted that we are not indulging in any presumption upon the matter which the statute says must be entered upon the record of the board by the clerk and we follow strictly the holding of the Supreme Court in Board of Education v Best, supra, in so far as it applies to the facts shown by the record in the case now under consideration. From the last cited case we think it pertinent to quote from the opinion at page 154, as follows:

"Where there is a viva voce vote, taken in the usual way, which is by a call for all those who are in favor to say aye, and those opposed to say no, **without entering at large on the minutes the names of those voting,** the presiding officer judges by his ear which side has the more voices. But, if the vote of a quorum is in favor of a motion or resolution and no vote is cast against it, the record may still be, that it was adopted unanimously, though some of the members present, in fact, abstained from voting. Steckert v The City of East Saginaw, 22 Mich. 104. To avoid uncertainty, therefore, in determining the conduct of boards of education in transacting such important official business as concerns the purchase or sale of property, the payment of debts or claims, and the selection of teachers who are to stand somewhat in loco parentis in training the minds, and shaping the moral character of their pupils, the General Assembly has carefully guarded against ambiguity by prescribing a method of voting which should not be departed from, and in that regard, the rule expressio unius, should, we think, be strictly applied." (Emphasis ours).

In Board of Education v Best, supra, it was not claimed, or was it a fact, that at the election of the defendant in error as teacher, the clerk of the board called the roll and entered the "ayes" and "nos" as required by the statute, the fact being that the clerk of the board in that case did not enter upon the record the "aye" and "no" vote of the members, and did not publicly call the roll of the members.

In Board of Education v Best, supra, at page 155, the Supreme Court approves the language of Cooley, J., in pronouncing the opinion of the court in the case of Steckert v City of East Saginaw, 22 Mich. 104, in the following language:

"'There can be no doubt that the provision of the statute which requires these votes to be entered at large on the minutes, was designed to accomplish an important public purpose, and that it can not be regarded as immaterial, nor its observance be dispensed with. The purpose among other things, is to make the members of the common council feel the responsibility of their action when these important measures are upon their passage, and to compel each member to bear his share in the responsibility, by a **record of his action** which should not afterward be open to dispute'."

Judge Cooley, in his treatise on Constitutional Limitations (6th Ed.), is also quoted with approval in the following language found at page 155:

" 'It is provided in the constitutions of some of the states that, on the final passage of every bill, the yeas and nays shall be entered on the journal. Such provision is designed to serve an important purpose in compelling each member present to assume as well as to feel his due share of responsibility in legislation; and also in furnishing definite and conclusive evidence whether the bill has been passed by the requisite majority or not.' "

In Board of Education v Best, supra, the court could indulge in no legal presumption that the clerk of the board had publicly called the roll for the reason that the record affirmatively disclosed that the roll had not been publicly called. In the case at bar, the record being silent as to whether the roll was publicly called, but the "aye" and "nay" vote of each member being specifically recorded, the presumption is properly indulged in that the clerk performed the duty required of him by the statute as to publicly calling the roll.

To the same end we cite the case of **Youmans v Board of Education, 13 C.C. 207, 7 C.D. 269**, and quote from the first paragraph of the syllabus:

"Where the minute book, containing the record of the proceedings of a board of education shows that all the members were present, and that on motion the board proceeded to elect a teacher, clearly showing the yea and nay vote but does not state that the roll was called, such election shall be considered to be in substantial compliance with §3982, Revised Statutes."

In the last cited case, consideration was given to the rule laid down by the Supreme Court in the case of Board of Education v Best, supra.

But in this case it is further claimed that at the adjourned meeting on June 1, 1934, the board of education rescinded its action of May 21, 1934, in the matter of the employment of Leo J. Horner as teacher. We have hereinbefore quoted the exact language of the minutes in that respect.

In the argument of this case it is conceded by counsel for plaintiff in error that the mere fact that Mrs. Horner remained in the room where the board of education was meeting at the time the motion to employ her son was made, seconded, and voted upon would not make the employment illegal, notwithstanding any opinion of the attorney general; nor do we think that the action of the board at its meeting of June

1, 1934, was sufficient to rescind the action of the board on May 21, 1934, wherein Leo J. Horner was employed as teacher.

We can not agree with counsel for plaintiff in error that the name of Mrs. Horner should have been publicly called and her vote recorded. Being the mother of Leo J. Horner and for that reason prohibited from voting for or participating in the making of a contract for the employment of her son as teacher, it is probable that the clerk would have been guilty of aiding and abetting Mrs. Horner in the violation of this criminal statute if her name had been called. The record clearly shows that all members of the board of education legally qualified to contract for the services of Leo J. Horner as teacher voted "aye" upon the motion for his employment, and that more than a majority of the board voted for his employment.

It may be observed that if the action of the board in employing Leo J. Horner was not in compliance with the provisions of §4752, GC, in that the record does not disclose that the roll of the members was publicly called, then none of the teachers in this school district were legally employed for the reason that the record does not show in any instance that the roll was publicly called.

From the opinion in the case of **Village of Vinton v James, 108 Oh St 220, 140 NE 909**, we quote from page 229, as follows:

"The very reason for prescribing the record of the suspension of the rules and of the vote is to furnish definite and conclusive evidence that the measure has been passed by the requisite majority and in accordance with the law. It is because of the need of such evidence that the requirement of the **recording of the vote** is held in this state to be mandatory. This rule should not be relaxed."

So in this case the reason for prescribing the record of the "aye" and "no" vote is to furnish definite and conclusive evidence that the motion for the employment of the teachers has been passed by the requisite majority and in accordance with law. We think that the record in this case furnishes such definite and conclusive evidence.

Our attention has been called to the case of **Edwards v Matthews, 100 Oh St 487, 127 NE 462**, wherein the Supreme Court has recognized the principle that substantial compliance with a similar statute providing for the employment of a superin-

tendent by a county board of education is sufficient, wherein the following language is used, at page 493:

"Having reached the conclusion that the recording of the adoption of the motion of February 8, 1919, fixing the term and salary of the office of couny superintendent, substantially complied with the Code, the validity of the election of the plaintiff in error necessarily follows, which was not thereafter subject to rescission by an ex parte proceeding such as attempted by the present board on August 1."

In Edwards v Matthews, supra, the Court of Appeals had held that the proceedings by the county board of education under date of February 8, 1919, wherein Edward W. Edwards was appointed county superintendent, did not comply with the requirements of the General Code as to "the vote thereon," basing their opinion upon the case of Board of Education v Best, supra. In reversing the decision of the Court of Appeals and holding that in the election of Edward W. Edwards the code provision had been substantially complied with, the court said in its opinion at page 491, that there was "no provision for an 'aye' and 'nay' vote, no provision even for the ascertaining of how each individual member voted, but simply a provision of the recording of the vote which in substance amounts to a provision for the recording of the result of the vote."

In Edwards v Matthews, supra, the Supreme Court held that there is no provision of the code applicable to the proceedings of the county board of education, which in any way attempts to direct or control the manner of the expression of the vote of the respective members of the board. We are of opinion that §4752, GC, applies to all boards of education, including county boards of education, and applies to the employment of all superintendents, including county superintendents; at least, that is the exact language of §4752, GC; and it must be conceded that the reasons stated by Judge Cooley in Steckert v City of East Saginaw, supra, would be equally applicable in the matter of the appointment of a county superintendent. It would be just as consistent for this court to hold that the provisions of §7705 GC, are the applicable provisions governing this case since this section provides that the board of education of each village and rural school district shall employ the teachers of the schools of the district, but fails to provide for publicly calling the roll of the members or recording the "aye" and "nay" vote. The fact that the Code provides certain general provisions relating to county boards of education and certain other general provisions relating to boards of education of village and rural school districts does not, in our opinion, make it unnecessary for all boards of education to comply with the plain terms of §4752, GC, but we are, of course, concluded by the decision of the Supreme Court of Ohio that the provisions of §4752, GC, do not apply to a county board of education.

Having found that the action of the board of education in the employment of Leo J. Horner as teacher, as shown by the record of the board under date of May 21, 1934, was not only in substantial compliance but in strict compliance with the provisions of §4752, GC, it follows that the judgment of the Common Pleas Court must be affirmed, there being no other question involved in this proceeding.

Having so considered all of the errors assigned, and finding no error prejudicial to the rights of the plaintiff in error and that substantial justice has been done, the judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

ROBERTS, J, concurs.
CARTER, J, dissents.