J. L. HAND, APPELLANT, V. SCHOOL DISTRICT OF THE CITY OF SIDNEY, APPELLEE.

2 N. W. (2d) 313

FILED FEBRUARY 6, 1942. No. 31190.

R. P. Kepler, Rodman & Kuns and Allen, Requartte & Wood, for appellant.

Beatty, Maupin, Murphy & Davis and Paul L. Martin, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a suit in equity for the specific performance of a contract allegedly obligating the School District of the city of Sidney, defendant, to sell, and J. L. Hand, plaintiff, to purchase a block of ground and the public school building thereon. The cause was heard on a demurrer to the petition. The district court for Cheyenne county sustained the demurrer and dismissed the suit. Plaintiff appealed.

The sufficiency of the petition to state a cause of action for specific performance of the alleged contract is the question for determination on appeal.

As pleaded in the petition the contract consisted of two separate instruments, both in writing and dated March 1, 1937. The first instrument was a signed offer by plaintiff to purchase the school property for $5,000, directed to the board of education and containing the following terms:

"I enclose herewith and attach hereto certified check on American National Bank, of Sidney, Nebraska, in the sum of Five Hundred Dollars ($500.00), as a guarantee of good faith of this offer, to be retained by you in event I fail and refuse to complete the purchase of said premises. Full consideration as above named to be paid by me, and conveyance to be made by you, on May 15, 1937."

The second instrument of the same date was the record of a regular meeting of the board of education in the following form:

"A regular meeting of the Sidney board of education was held at the school office with the following present: President N. W. Ladegard, Vice-President O. A. Olson, Glen Bales, C. W. Smith, R. F. Dedrick, Secretary K. S. Agnew. Absent, none. President Ladegard called the meeting to order at 8:30 p. m.

"After much discussion, it was moved by Mr. Bales and seconded by Mr. Olson that we accept Mr. Hand's bid and that the president and secretary be hereby authorized to sign all necessary papers—this acceptance being subject to a written legal opinion showing the board's legal right to sell or dispose of such school property at a regular meeting. On roll call, the motion carried unanimously."

Summarized, the petition further alleged: After acceptance of the bid, defendant procured from its attorney an opinion to the effect that the acceptance of plaintiff's bid was legal and within the power of the school board, and that its president and secretary orally permitted plaintiff to enter into possession of the school building to clean it and to make measurements for the purposes of remodeling it; that, notwithstanding plaintiff was in partial possession of the premises, the building was totally destroyed by fire April 25, 1937, without the fault of either plaintiff or defendant; that plaintiff tendered to defendant May 14, 1937, $4,500, the balance due on the contract; that defendant then refused to complete the sale for the reason pending litigation prevented the school board from doing so; that defendant on May 15, 1937, refused the tender of $4,500 and on February 7, 1938, refused to complete the sale and directed its officers to return to plaintiff the earnest money, $500, and to refuse to convey title to plaintiff; that plaintiff declined to accept the return of the earnest money; that, prior to March 1, 1937, defendant procured insurance on the school building, furnished insurers proofs of the loss and settled it for, and received, about $8,000; that plain-

tiff is entitled to be subrogated to the rights of defendant in the insurance policies and to an accounting for the proceeds thereof; that the grounds and buildings have not been used for school purposes since April 25, 1937.

Counsel for plaintiff argued at length that the demurrer was erroneously sustained because, in their view of the petition, the offer of plaintiff, the acceptance thereof by the board of education and the opinion of its attorney to the effect that the acceptance was legal and within the power of the board constituted a complete, valid and enforceable contract. On the contrary, defendant contended that the school property could not be sold by the school board except at a regular meeting and not then without an affirmative recorded vote of at least two-thirds of all members of the board; action not shown by the petition to have been taken.

What is alleged in the petition and the law applicable thereto are of course the determining factors in the controversy. It will be observed that plaintiff himself fixed May 15, 1937, as the date for defendant's conveyance to him. On that date the principal part of the property which plaintiff offered to buy could not be transferred to him because the school building had been destroyed by fire April 25, 1937, without fault of either party to the contract. Defendant was then the owner of the fee and held the title to the public school property. Plaintiff was never in possession of it as owner. Such possession as he pleaded was permissive, oral and partial and, for anything stated in the petition, remained so until after the fire. The acceptance of plaintiff's offer was on its face conditional and did not become absolute when recorded in the minutes of the board meeting March 1, 1937. The petition does not state when the "written legal opinion showing the board's legal right to sell or dispose of such school property" was delivered or received nor allege compliance with that condition before the school building was destroyed by fire while it was possible for the board to convey to plaintiff the property he offered to purchase. An

unconditional acceptance therefore, while the board could comply with the strict terms of plaintiff's offer, is not stated in the petition.

The board of education had only such powers as were conferred by statute or necessarily implied therefrom. The statute provides:

"No school property of any kind belonging to any school district shall be sold by the board of education, except at a regular meeting of the same, and not then without an affirmative recorded vote of at least two-thirds of all the members of the board." Comp. St. 1929, sec. 79-2520.

These provisions of the statute are mandatory. The conditional acceptance quoted from the petition does not comply with the mandatory statute declaring that no school property shall be sold "without an affirmative recorded vote of at least two-thirds of all the members of the board." Though the record of the board meeting recites that, with no member absent, a motion for a conditional acceptance was unanimously adopted, there was no affirmative record vote of members shown. Reasons for holding such a record insufficient to comply with the statutory requirement are stated in *Steckert v. City of East Saginaw*, 22 Mich. 104. Liberal interpretation of school-board proceedings does not do away with mandatory provisions of statute. See *Swink's Case*, 132 Pa. Super. 107, 200 Atl. 200; *Payne v. Ryan*, 79 Neb. 414, 112 N. W. 599; 43 C. J. 515, 516. For the reasons given, the school district of the city of Sidney was not bound by the conditional acceptance of the school board and the trial court did not err in sustaining the demurrer.

The same conclusion is reached on another view of the petition. Plaintiff pleaded that defendant, the school district, refused to complete the sale for the reason that pending litigation prevented the school board from doing so. With this defense pleaded in the petition, it was incumbent on plaintiff, in stating a cause of action, to allege facts showing that the school board was not prevented by litigation from conveying the school property to him when

he sought relief in equity. He did not plead such facts and for that reason the petition was demurrable. *Baxter v. National Mtg. Loan Co.*, 128 Neb. 537, 259 N. W. 630.

AFFIRMED.