CARROLL D. BESADNY, Secretary Department of Natural Resources
You have requested my opinion with respect to the relationship of general game regulatory statutes and certain so-called "game farm" statutes establishing game bird and animal farms, fur farms and deer farms. Secs. 29.574, 29.575 and 29.578, Stats. Your questions are as follows:
 Do the regulatory provisions of the following statutes and Administrative Code provisions apply to licensees operating under sections 29.574, 29.575 or 29.578, Stats.:
 (a) Section 29.222, Stats., which requires the reporting of hunting accidents;
 (b) Section 29.224, Stats., which imposes certain safety precautions upon the use and transportation of firearms;
 (c) Section 29.245, Stats., which prohibits shining animals;
 (d) Section 29.41, Stats., which prohibits the possession of furs showing the same have been shot or speared;
 (e) Section NR 10.01 (3)(e) Wis. Adm. Code, which establishes an open and closed season and other limitations on hunting deer;
 (f) Section NR 10.14 Wis. Adm. Code, which places limitations upon the methods that may be used in taking fur-bearing animals?
It is my opinion that the provisions of section 29.222, relating to the reporting of hunting accidents, fully apply to any licensee of a game farm. There is simply no basis to exclude game farms from the *Page 44 
application of the broad accident reporting requirements of section 29.222.
My answer is the same as to the application of section 29.224. That statute is clearly intended for the protection of the general public, including the person possessing the gun or bow and arrow, from the hazards resulting from carrying a loaded, uncased weapon in a motor driven boat, aircraft, vehicle or automobile. It is not insignificant that the same Legislature which made the changes in the game farm statutes also created section 29.224 (ch. 246, Laws of 1975). In each of the following sessions the Legislature amended this safety statute, yet no exemption was made for game farm premises. Certainly no public purpose could be usefully served by such an exemption.
My answer with respect to section 29.245 is that the statutory prohibition against shining of wild animals has no application to game farms. For all intents and purposes the animals specified in the game farm statutes are unprotected animals within the geographical limits of the game farm. As such, they would fall within the exceptions provided by section 29.245 (4)(b)2. and (5)(b)3.
Section 29.41 has no application to furs obtained from any licensee of a fur farm operated pursuant to section 29.575. It is possible that practical enforcement of the laws protecting the animals listed in section 29.575 (1) has been seriously undermined by the state's inability to regulate the taking of furs found in the possession of fur buyers. However, the legislative history of chapter 322, Laws of 1975, sketchy as it is, makes it abundantly clear that all tagging requirements for furs coming from fur farms have been eliminated and the prohibition against shooting or spearing fur bearing animals has been eliminated as to furs obtained under the authority of that law.
Clearly, section NR 10.01 (3)(e) Wis. Adm. Code, which establishes open and closed seasons, methods of taking and other limitations by geographic area, has no applicability to the hunters authorized to take deer under the provisions of section 29.578. That statutory section provides that the licensee is the sole owner of all deer on the licensed lands and shall have the right to manage and control the deer thereon. See subsection (4). However, the licensee *Page 45 
must give notice to your Department before any deer may be killed and all deer killed must be tagged. See subsection (7).
Finally, it is my opinion that section NR 10.14 Wis. Adm. Code has no application to persons taking furs under the provisions of section 29.575. That fur farm statute is unequivocal in granting exclusive discretion to the licensee to take the animals specified in the license at any time or in any manner. Once licensed as a fur farm, the specified animals are totally unprotected as to the licensee under state law. However, in so concluding I express no opinion as to the applicability of the endangered species laws, state or federal.
BCL:RBM