Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Koontz, JJ., and Whiting, Senior Justice

TOWN OF MADISON, INC.
                                        OPINION BY
v.  Record No. 970642      SENIOR JUSTICE HENRY H. WHITING
                                   February 27, 1998
CAROL W. FORD

                FROM THE CIRCUIT COURT OF MADISON COUNTY
                     Lloyd C. Sullenburger, Judge

        This case turns on whether a town zoning ordinance was

adopted in compliance with the second paragraph of the following

constitutional provision:

        No ordinance or resolution appropriating money
        exceeding the sum of five hundred dollars, imposing taxes,
        or authorizing the borrowing of money shall be passed
        except by a recorded affirmative vote of a majority of all
        members elected to the governing body. . . .

        On final vote on any ordinance or resolution, the name
        of each member voting and how he voted shall be recorded.

Va. Const. Art. VII, § 7 (art. VII, § 7).

        In a suit filed by the Town of Madison to enjoin Carol W.

Ford's alleged violation of a town zoning ordinance, Ford

defended on the ground that the ordinance was void because it

had not been adopted in the manner prescribed by the paragraph

in question.

        At an ore tenus hearing on Ford's special plea, the Town

introduced a copy of the minutes of an October 25, 1972 special

meeting of the town council in which the ordinance allegedly was

adopted.  As pertinent, the minutes provide:

> Town Council held a special meeting on the above date following the joint hearing of the Planning Commission and the Council. All members were present. . . .
>
> Council was informed by the Planning Commission that they [sic] have approved the Zoning Ordnance [sic]. . . . Councilman Drake moved that the Town Council accept the ordnance [sic] as presented by the Commission. <u>Motion</u> seconded by Councilwoman Johnston and <u>carried unanimously</u>.

(Emphasis added).

After hearing the evidence and argument of both parties, the court filed a written opinion in which it held that the zoning ordinance was not enacted in accordance with the second paragraph of art. VII, § 7 and was, therefore, void <u>ab initio</u>. The Town appeals a final judgment entered in conformity with the opinion.

Initially, the Town argues that the provisions of the second paragraph of art. VII, § 7 apply only to the fiscal ordinances referred to in its paragraph one. We disagree. In our opinion, the express terms of the second paragraph make its provisions clearly applicable to all ordinances, not just those ordinances referred to in the first paragraph.

Nevertheless, the Town contends that the minutes of the meeting show compliance with the second paragraph of art. VII, § 7 since the minutes recite that all members were present when the meeting began and that the resolution was passed unanimously. Ford responds that, because the name of each council member and how he or she voted on the ordinance is not

2

shown on the face of the minutes, the constitutional requirement was not met.

First, we consider the effect of this constitutional provision. The Virginia constitution is "the charter by which our people have consented to be governed." Coleman v. Pross, 219 Va. 143, 152, 246 S.E.2d 613, 618 (1978); see also Dean v. Paolicelli, 194 Va. 219, 226, 72 S.E.2d 506, 510-11 (1952); Staples v. Gilmer, 183 Va. 338, 350, 32 S.E.2d 129, 133 (1944). Therefore, it is the fundamental law in Virginia. Terry v. Mazur, 234 Va. 442, 450, 362 S.E.2d 904, 908 (1987).

Further, the Virginia Constitution is a restriction of powers, establishing the limits of governmental action. See Dean, 194 Va. at 226, 72 S.E.2d at 510-11; Mumpower v. Housing Auth., 176 Va. 426, 445, 11 S.E.2d 732, 739 (1940) (restriction of governmental powers). Thus, although the Town had the power to enact zoning ordinances under the provisions of Code § 15.1-486 (now Code § 15.2-2280), that power can only be exercised in the manner expressly required by art. VII, § 7. See Town of South Hill v. Allen, 177 Va. 154, 159, 12 S.E.2d 770, 772 (1941) (municipal power exercisable only in manner set forth in constitution); see also County of Fairfax v. Southern Iron Works, Inc., 242 Va. 435, 446, 410 S.E.2d 674, 680 (1991).

If a constitutional provision is plain and unambiguous, we do not construe it, but apply it as written. Scott v.

3

<u>Commonwealth</u>, 247 Va. 379, 384, 443 S.E.2d 138, 141 (1994); <u>Thomson v. Robb</u>, 229 Va. 233, 239, 328 S.E.2d 136, 139 (1985); <u>Harrison v. Day</u>, 200 Va. 439, 448, 106 S.E.2d 636, 644 (1959). Here, the plain and unambiguous language of art. VII, § 7 requires that, upon the town council's "final vote on any ordinance or resolution, the name of each member voting and how he voted shall be recorded."

As the Town states in its brief, requirements similar to those imposed by art. VII, § 7 are "a check against the human tendency to hide individual actions in those of the group or to assent silently to the groups' [sic] will when the individual may have a differing view." The Town recognizes that the names of the council members who voted in favor of the ordinance are not stated in the minutes, but contends that "there can be no doubt as to how each member voted" and that the minutes are in substantial compliance with the constitutional provision.

In support, the Town cites the following provisions of an attorney general's opinion.

> [T]he recorded vote of each individual member of the [B]oard [of Supervisors] is not necessary when a motion is either passed or rejected upon <u>the unanimous action of the members</u> at their regular meeting after <u>there has been a recording in the minutes of the members who are present</u>. In such circumstances, the names of the members and how <u>they voted is recorded</u>.

1971-72 Op. Att'y Gen. 43 (emphasis added). The opinion does not support the Town's contention.

4

Although suggesting a formal roll call vote is not necessary, the opinion is clearly predicated on the assumption that "there has been a recording in the minutes of the members who are present."  In the minutes at issue, the names of only three of the four council members are stated.  Additionally, for the reasons articulated later, the notation in the minutes that "the motion . . . carried unanimously" does not necessarily indicate that each of those council members voted in favor of the motion.

The Town also relies on three cases from other jurisdictions upholding the adoption of various motions by town councils in which restraints similar to those in this case were imposed upon the manner of recording council members' votes.  However, unlike the minutes in this case, the minutes of each governmental body in two of the cases reflected how each member voted.  In Goodyear Rubber Co. v. City of Eureka, 67 P. 1043, 1043 (Cal. 1902), the minutes noted the names of those councilmen present and stated "[a]ll present voting in favor thereof, and no one against the same."  In Brophy v. Hyatt, 15 P. 399, 401 (Colo. 1887), the minutes recited that "upon the ballot being spread for its approval and adoption, the votes stood as follows:  Ayes, [listing by name six members of the town board of trustees].  Noes, none."  In the third case, the minutes recited the names of the council members and noted that

the members present voted in favor of the ordinance.  Hammon v.

Dixon, 338 S.W.2d 941, 943-44 (Ark. 1960).

In contrast to the Town's contentions, the minutes at issue

neither record the names of all council members present nor

report how the members of the council voted.  The Supreme Court

of Michigan has stated:

> Now if it were a legal presumption that all the members who
> were present at the call to order of such a meeting
> remained until its adjournment, and that no others came in
> and took their seats afterwards, and if it were also a
> presumption that every member voted on each resolution on
> roll-call, the argument of the [town council in favor of
> the validity of its action in adopting the ordinance] would
> be complete . . . .
>
> But surely there are no such presumptions of law, and
> if there were, they would be contradictory to the common
> experience of similar official bodies.  It is very well
> known that it is neither observed nor expected that when a
> legislative body of any grade has commenced its daily
> session, the doors will be closed to prevent the ingress of
> members not prompt in arrival, or the egress of others who
> may have occasion to leave.  The actual attendance on such
> a body will frequently be found to change materially from
> hour to hour, so that a record that a vote was passed
> unanimously would be very slight evidence that any
> particular member present at the roll-call voted for it, or
> that any member not then present did not. . . .  Moreover,
> the members actually present are usually allowed to vote or
> not to vote at their option, . . . and if the vote of a
> quorum is in favor of a resolution and no vote is cast
> against it, the record may still be that it was "adopted
> unanimously on call," though some of the members present
> abstained from voting.

Steckert v. City of East Saginaw, 22 Mich. 104, 108-09 (1870)

(cited with approval by:  Monett Elec. Light, Power & Ice Co. v.

City of Monett, 186 F. 360, 368-69 (C.C.D. Mo. 1911); Nelson v.

6

State ex. rel. Axman, 83 So.2d 696, 698 (Fla. 1955); City of Rome v. Reese, 91 S.E. 880, 881 (Ga. Ct. App. 1917); Pontiac v. Axford, 12 N.W. 914, 915 (Mich. 1882); Bruder v. Board of Educ., 224 N.W. 268, 270 (Minn. 1929); Village of Beverly Hills v. Schulter, 130 S.W.2d 532, 537 (Mo. 1939); Hand v. School Dist., 2 N.W.2d 313, 315 (Neb. 1942); Union Bank v. Commissioners of Oxford, 25 S.E. 966, 968 (N.C. 1896); Pickton v. City of Fargo, 88 N.W. 90, 96 (N.D. 1901); Board of Educ. v. Best, 39 N.E. 694, 697 (Ohio 1894); Shalersville Bd. of Educ. v. Horner, 9 N.E.2d 918, 921-22 (Ohio Ct. App. 1936); Finney v. Shannon, 6 P.2d 360, 362-63 (Wash. 1931)).

Further, the Town's recital of a unanimous vote in its minutes does not necessarily demonstrate that all members present actually voted in favor of the ordinance. "To say that a proposition was adopted by a 'unanimous' vote does not always mean that every one present voted for the proposition." Black's Law Dictionary 1523 (6th ed. 1990); see also Steckert, 22 Mich. at 108-09; Virginia Schlotzhauer et al., Parliamentary Opinions 91 (1982) (published by American Institute of Parliamentarians) (vote of commission unanimous if nine of ten members present voted in favor and one abstained); Paul Mason, Manual of Legislative Procedure for Legislative and Other Governmental Bodies § 516, at 201 (1979) (presumption of affirmative vote of abstaining member if simple majority vote required); J.R.

Kemper, Annotation, *Abstention from voting of member of municipal council present at session as affecting requisite voting majority*, 63 A.L.R.3d 1072, 1078 (1975).

Since there is no presumption that all members remained in the meeting from the time it convened until the vote to adopt the ordinance was taken, we cannot determine which council members were present for the vote or who actually voted to adopt the ordinance.  Additionally, the recitation of a unanimous vote does not necessarily indicate that all council members present actually voted in favor of the adoption of the ordinance.

Because we cannot tell from the minutes which of the members actually voted for the adoption of the zoning ordinance, whether any member abstained, or if any member was absent when the vote was taken, we conclude that the minutes simply do not comply with the constitutional requirement of art. VII, § 7.[1]

_____

[1] The dissent reads this constitutional provision as permitting evidence of "the name of each member voting and how he voted" to be gleaned from other unrelated documents, at least one of which was prepared in the year before the council allegedly adopted the ordinance.  We think that the constitutional provision clearly requires that this information be recorded either in the minutes adopting the ordinance or in some contemporaneous document referencing the adoption of the ordinance.  Further, even if the documents suggested by the dissent are used in an attempt to establish which members voted, we must still speculate on this record (1) whether all members of the council were present <u>when</u> the ordinance was adopted and (2) which of the members who were present <u>actually</u> voted for the adoption of the ordinance and which members abstained.

Accordingly, we hold that the alleged zoning ordinance is null and void. See McClintock v. Richlands Brick Corp., 152 Va. 1, 24, 145 S.E. 425, 431 (1928) (municipal ordinance in conflict with state constitution is void).

Finally, the Town argues that our ruling should not be applied retroactively, but only prospectively. Since Ford has successfully raised the issue, she is entitled to the benefit of our decision. See City Council v. Potomac Greens Assocs. Partnership, 245 Va. 371, 378, 429 S.E.2d 225, 229 (1993); Perkins v. County of Albemarle, 214 Va. 416, 418, 200 S.E.2d 566, 568 (1973). However, our decision today shall be limited to the present case and shall operate prospectively only.

---

Indeed, we note that the council has not sought to amend and supplement its minutes *nunc pro tunc* to correct this deficiency by recording "the name of each member voting and how he [or she] voted." See City of Hallandale v. State *ex rel.* Sage Corp., 326 So.2d 202, 203 (Fla. Dist. Ct. App. 1976) (amendment of minutes permitted so that record "speak[s] the truth"); City of Independence v. Hare, 359 S.W.2d 33, 37 (Mo. Ct. App. 1962) (court allowed modification of minutes to detail actual vote); State *ex rel*. Schuler v. Dunbar, 333 N.W.2d 652, 655-56 (Neb. 1983) (minutes corrected to reflect what actually occurred); Council v. Commonwealth, 198 Va. 288, 293-94, 94 S.E.2d 245, 248-49 (1956) (amendment of court order *nunc pro tunc* to show name of twelfth juror in felony case); 5 Eugene McQuillin, The Law of Municipal Corporations § 14.10 to .13 (3d. ed. rev. vol. 1996) (amendment of council minutes *nunc pro tunc* permitted under certain circumstances to show what actually happened).

Finally, we think that Code § 15.2-1427(C) (cited by the dissent) reaffirms the legislative intent not to validate any

Ordinances enacted prior to this decision which were adopted with minutes containing the same deficiencies as the minutes involved in this case shall not be affected.  See <u>Potomac Greens Assocs.</u>, 245 Va. at 378, 429 S.E.2d at 229.

Accordingly, the judgment of the trial court will be

<u>Affirmed</u>.


JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO and JUSTICE LACY join, dissenting.


The dispositive question in this zoning controversy is whether a local governing body, in enacting a zoning ordinance, violated the second paragraph of art. VII, § 7, of the 1971 Constitution of Virginia, which provides:  "On final vote on any ordinance or resolution, the name of each member voting and how he voted shall be recorded."

In 1996, appellant Town of Madison, Incorporated, filed a bill of complaint seeking an injunction against appellee Carol W. Ford.  The Town alleged Ford owns a parcel of land located in the Town that is classified "Residential, R-1" under the Town's zoning ordinance.  The Town further alleged that two businesses, a realty company and an attorney's office, are being operated from a residence on the property in violation of the

_____

ordinance adopted by a governing body that violates "some

10

ordinance.  The Town asked the court to issue a permanent injunction to prohibit such violation.

Responding, Ford filed a "special plea" seeking dismissal of the bill of complaint.  She asserted the constitutional provision at issue requires "a Roll Call vote."  Thus, she alleged, the zoning ordinance, adopted in 1972, is void because it was not enacted according to the procedure set forth in art. VII, § 7.

The parties submitted in evidence by stipulation certain Town records.  Following argument of counsel, the trial court sustained the plea and dismissed the bill.  We awarded the Town this appeal.

The 1971 and 1972 Town records received in evidence show these facts.  On July 14, 1971, the incumbent circuit judge administered the oath of office to the five members of the Madison Town Council, one of whom took the oath as Mayor. Council minutes of a "regular monthly meeting," held on October 9, 1972, show that the same five persons were still serving as members.

Council minutes of "a special meeting," the focus of this dispute, held on October 25, 1972, show that "[a]ll members were present."  The minutes further show:  "Council was informed by

provision of the Constitution of Virginia."

11

the Planning Commission that they have approved the Zoning Ordnance [sic] as stated in the June 1972 printing with revisions."  The minutes also show that a named council member "moved that the Town Council accept the ordnance [sic] as presented by the Commission" and that another named member "seconded" the motion, which "carried unanimously."  A third member, the Mayor, as well as the Town's clerk, signed the typed minutes, which contain 12 sentences.

In a letter opinion sustaining the plea, the trial court stated that "only one" of the documents received in evidence was "relevant" to the issue presented, that is, the copy of the minutes of the October 25 special meeting.  The court said those minutes "state that all members were present without stating the names of the members or even the number of members."

The trial court then ruled as follows:  "This court concludes that since the minutes in question do not set forth the names of the council members in attendance, the statements that all members were present and that the zoning ordinance was unanimously adopted do not comply with the constitutional requirement of the second paragraph of Art. VII, § 7."  The court incorporated its letter opinion in the January 1997 final order, which declared the ordinance void ab initio.

When a legislative body performs its law-making function, courts must accord the legislative action "every reasonable

12

presumption" of validity.  Wise v. Bigger, 79 Va. 269, 281 (1884).  Otherwise, there would be interference with the legitimate power and functions of legislative bodies.  Id. Consistent with this principle, the General Assembly, in the revision of Title 15.1 of the Code effective December 1, 1997 (after the decision below), has provided:  "All ordinances heretofore adopted by a governing body shall be deemed to have been validly adopted, unless some provision of the Constitution of Virginia or the Constitution of the United States has been violated in such adoption."  Code § 15.2-1427(C).

Accordingly, if the procedure connected with enactment of a local ordinance is questioned, substantial compliance with constitutional or statutory provisions regarding recording of legislators' votes should be sufficient to validate the action. Hammon v. Dixon, 338 S.W.2d 941, 944 (Ark. 1960).

Applying these principles to the present case, I would conclude, first, contrary to Ford's argument, that the constitutional provision in issue does not require a roll call vote, that is, a vote "taken by yeas and nays," as defined in Robert's Rules of Order Revised 197 (1951).  Indeed, Code § 15.1-828 (1981 Repl. Vol.), effective at the time of this dispute, specifically provided that "the yeas and nays shall be recorded on any question" at the request of any town council member present, a clear indication that the General Assembly did

13

not consider the constitutional procedure to require that method of voting.  (That statute was repealed with the revision of Title 15.1.  Acts 1997, ch. 587.)

Second, I would conclude there has been substantial compliance with the constitutional requirement.  Contrary to the trial court's ruling, I am of opinion that all the Town's records submitted as exhibits were "relevant" to consideration of the issue; the constitutional provision nowhere specifies that only the minutes of the meeting in issue may be considered to sustain an ordinance.

When all these documents are considered, they show the names of all the council members; they show that all members were present at the special meeting (which had only one item on the agenda); and they show that all those members voted in the affirmative for the adoption of the zoning ordinance.  Given the presumption of validity to be accorded the actions of the council, I would hold that Ford failed as a matter of law to carry her burden to establish the correctness of her "special plea," that the Town has not violated this nonsubstantive, procedural constitutional provision, and that the ordinance was validly adopted.

Consequently, I would reverse the judgment of the trial court, reinstate the Town's bill of complaint, and remand the cause to the trial court for further proceedings.

14