# CIRCUIT COURT OF FAIRFAX COUNTY

Luis G. Obando

    v.

Commonwealth of Virginia

December 9, 1998

Case No. L175142

BY JUDGE STANLEY P. KLEIN

In this matter, Petitioner Luis G. Obando appeals the December 29, 1997, determination of the Commissioner of the Department of Motor Vehicles ("Commissioner") that Obando is an habitual offender, as defined in Virginia Code § 46.2-351. Obando asserts that one of the three predicate convictions is invalid, and therefore, this Court must reverse the Commissioner's determination. The Court finds that the Virginia Supreme Court decision in *Town of Madison v. Ford*, 255 Va. 429 (1998), is dispositive of the issue herein, and the determination of the Commissioner is, therefore, affirmed.

## I. *Background*

On December 29, 1997, the Commissioner declared Obando to be an habitual offender. The determination by the Commissioner was based, in part, on an October 20, 1997, conviction in the Fairfax County General District Court for driving under revocation or suspension. Obando contends that the October 20, 1997, conviction was invalid, as the then existing Vienna Town Ordinance, under which he was charged and convicted, was invalidly enacted. Specifically, Obando argues that Vienna Town Ordinance § 1-7.1 was adopted in 1991 in a manner inconsistent with the recorded roll call vote requirement of Article VII, § 7, of the Virginia State Constitution. The Commonwealth does not contend that the minutes of the Town Council meeting satisfy the recorded roll-call vote of Article VII, § 7.

## II. *Analysis*

At trial, Obando introduced the minutes of the Vienna Town Council meeting at which § 1-7.1 was enacted. Citing the Virginia Supreme Court's recent decision in *Town of Madison v. Ford*, 255 Va. 429 (1998), Obando asserts that the ordinance was invalid at the time of his conviction, and hence, the conviction cannot serve as a predicate offense for an habitual offender determination. The Commonwealth responds that the Supreme Court's opinion in *Town of Madison v. Ford* negates Obando's argument. In *Madison*, the Court explicitly stated as follows:

> Our decision today shall be limited to the present case and shall operate prospectively only. Ordinances enacted prior to this decision which were adopted with minutes containing the same deficiencies as the minutes involved in this case shall not be affected.

*Madison*, 255 Va. at 436, *citing, City Council v. Potomac Greens Assocs.*, 245 Va. 371, 378 (1993).

As the ordinance in question was enacted years before the Supreme Court's decision in *Madison*, the Commonwealth asserts that any deficiency in the minutes of the Board meeting at which § 1-7.1 was enacted cannot affect the validity of that ordinance.

Obando replies that the portion of the *Madison* opinion, limiting its holding to prospective application, should not be followed by this Court, as it is inconsistent with the United States Supreme Court's decision in *James M. Bean Distilling Co. v. Georgia*, 501 U.S. 529 (1991), Obando's reliance on that case is misplaced.

The issue facing the United States Supreme Court in *Beam Distilling Co.* was whether its decision in *Bacchus Imports, Ltd. v. Diaz*, 468 U.S. 263 (1984), would be applied retroactively to claims arising out of facts and circumstances that occurred before the *Bacchus* decision. The underlying issue in *Bacchus* was whether a Hawaii statute violated the Commerce Clause of the United States Constitution. In *Beam Distilling Co.*, a badly splintered Court issued five separate opinions. In a plurality opinion joined only by Justice Stevens, Justice Souter spoke for the Court. Although the Court held that its decision in *Bacchus* would be applied retroactively to all litigants whose claims had not yet been adjudicated or were on direct appeal, the analysis underlying the Court's opinion provides a clear basis for distinguishing that case from Mr. Obando's. Indeed, the analysis in *Beam Distilling Co.* centered on the retroactive, prospective, or selective prospective application of federal

law. The Supreme Court opined that "[s]ubject to possible constitutional thresholds, [citation omitted], the remedial inquiry is one governed by state law, at least where the case originates in state court. [Citation omitted.] But the antecedent choice-of-law question is a federal one where the rule issue itself derives from federal law, constitutional or otherwise." *Id.* at 535. (Citations omitted.) Hence, the decision in *Beam Distilling Co.* is limited in its scope to the appropriate application of *federal* jurisprudence to other pending or otherwise viable claims. Obando's arguments herein implicate no federal statutory or constitutional principles. Rather, he argues solely that the applicable Vienna Town Ordinance was enacted contrary to the dictates of the Virginia Constitution. Thus, the Supreme Court's decision and analysis in *Beam Distilling Co.* is in no way binding on this Court. The decision of the Virginia Supreme Court in *Town of Madison v. Ford* is therefore dispositive.

### III. *Conclusion*

Accordingly, pursuant to Virginia Code § 46.2-355, the determination by the Commissioner and his revocation of Mr. Obando's license are affirmed. Mr. Obando is not to operate a motor vehicle on the highways of the Commonwealth of Virginia and is ordered to surrender to this Court all licenses or permits to drive a motor vehicle on the highways in the Commonwealth of Virginia for disposal in the manner provided in § 46.2-398.