WILLIAM B. PAYNE, APPELLANT, V. E. J. RYAN, APPELLEE.

FILED JUNE 22, 1907.   No. 14,879.

1. **Municipal Corporations:** ORDINANCES. The provisions of section 8755, Ann. St., which provides that, "on the passage or adoption of every by-law or ordinance * * * by the council or board of trustees, the yeas and nays shall be called and recorded," are mandatory, and it is necessary that the yeas and nays should be called and recorded to pass or adopt an ordinance.

2. **Intoxicating Liquors:** LICENSES. No valid license for the sale of intoxicating liquors can be granted by a village board until it has adopted a valid ordinance authorizing the issuance of a license.

APPEAL from the district court for Fillmore county: LESLIE G. HURD, JUDGE. *Reversed.*

*R. M. Proudfit,* for appellant.

*Charles H. Sloan, F. W. Sloan, J. B. Smith* and *J. J. Burke, contra.*

GOOD, C.

E. J. Ryan, the appellee, applied to the village board of Exeter for a license to sell intoxicating liquors in said village. The appellant, William B. Payne, filed a remonstrance. Hearing was had before the board of trustees upon the petition and remonstrance, which resulted in the overruling of the remonstrance and the granting of the license. Payne thereupon appealed from the order of the village board to the district court for Fillmore county, where upon trial judgment was entered sustaining the action of the village board in granting the license. From this judgment of the district court Payne prosecutes his appeal to this court.

Among other grounds of remonstrance, it was set forth that there was no sufficient ordinance in Exeter to authorize the issuance of the license. On the hearing before the village board, the record of the proceedings of the village board in attempting to pass the ordinance, under which the liquor license was granted, was offered in evidence. The following is all the record relating to the passing of the ordinance in question: "Ordinance No. 70 was then called up for its first reading, and on motion carried to its second reading. Costello, Ragan, Nye, Robinson and Bickel voting 'yes.' Ordinance No. 70 was then read a second time, and on motion carried was ordered to pass to third reading. Ordinance No. 70 was then read the third time, and passed and approved by the chairman of the board."

Section 8755, Ann. St., provides: "On the passage or adoption of every by-law or ordinance * * * by the council or board of trustees, the yeas and nays shall be called and recorded; and to pass or adopt any by-law, ordinance, * * * a concurrence of a majority of the whole number of members elected to the council or trustees shall be required." The language of this statute is clear and explicit, and leaves no doubt in the mind that it is mandatory, and that the provisions of the statute relat-

ing to the calling and recording of the yeas and nays on the passing of an ordinance must be strictly complied with. The object of the statute is to require that a record shall be made and kept of all proceedings by which an ordinance is passed and becomes valid. The provisions of the statute requiring the calling of the yeas and nays were made that there might be no doubt that the requisite number had voted for the passage of the ordinance, and the provisions requiring the recording of the yeas and nays were intended to require an indisputable record of the necessary action in passing an ordinance, and that the public might have the opportunity to know how their councilmen had voted upon the passage of any given ordinance. It was intended to avoid any reliance, after the passage of years, upon the frailties of human memory to sustain the action of the council or the board of trustees in its action in adopting or passing an ordinance. In the case of *Pickton v. City of Fargo,* 10 N. Dak. 469, in considering a statute very similar to the one above referred to, it is said: "The purpose of this requirement is to fix individual responsibility upon members of the council, and to do so, it is essential that the journal entries shall show not only the number of votes cast, and the fact that the yeas and nays were called, but likewise the names of the members voting upon the passage of the ordinance, and how each voted—whether yea or nay." The same rule is announced in *Brophy v. Hyatt,* 10 Colo. 223, 15 Pac. 399; *Town of Olin v. Myers,* 55 Ia. 209, and *O'Neil v. Tyler,* 3 N. Dak. 47. In the present case the record discloses that the yeas and nays were not recorded upon the passage of the ordinance, and does not show that the yeas and nays were called. Without this necessary foundation the ordinance was never legally passed and adopted, and, consequently, was without legal force and effect. In *State v. Andrews,* 11 Neb. 523, it was held that "the traffic in liquors within the limits of cities and villages can only be carried on under ordinances duly passed by the corporate authorities thereof. Until this is done, no application can be made

and no other step taken toward the procurement of a
license to sell liquors within the limits of such corpora-
tions." It follows that the board of trustees was without
legal authority to grant the license.

Appellee undertook to avoid the force of the record
of the board of trustees relating to the attempted passage
of the ordinance in question. Several days after the hear-
ing before the village board, and after it had ordered the
license to issue, a special meeting of the village board was
called, and it proceeded to enter a *nunc pro tunc* order,
whereby it caused a record to be made supplying the
omissions in the record relative to the passage of the ordi-
nance in question, notwithstanding that 15 years had
elapsed since the attempted passage of the ordinance. It
may well be doubted whether or not the village board had
such power. But, granting that it had such power, still
we do not think that it could affect the decision in the
present case, for the reason that this record, as amended,
was not and could not have been offered in evidence upon
the hearing of appellee's petition for a license. It was not
and could not have been incorporated into the transcript
of the proceedings of the board upon such hearing. It
was, in fact, brought to the attention of the district court
by a motion suggesting a diminution of the record, and the
district court, over the appellant's objections, permitted
the appellee to file a supplemental transcript showing the
entry of the *nunc pro tunc* order made by the board of
trustees. Although the trial court permitted this addi-
tional transcript to be incorporated into the original
transcript, it did not, in fact, constitute any part of the
hearing upon the application to grant the license.

Under the provisions of section 7153, Ann. St., it is
required upon an appeal to the district court from the
action of the village board in granting a license that the
testimony taken upon such hearing shall be transmitted
to the court, and such appeal shall be decided by the court
on such evidence alone. Under this section of the statute

30

the court had no authority to consider any evidence except that which was adduced upon the hearing. Under the evidence offered and adduced upon the hearing, it appears that the village of Exeter, at the time of the granting of the license, did not have any village ordinance authorizing the issuance of a license, and that the village board was therefore without power to issue the license. It follows that the judgment of the district court should be reversed.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.