CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1923.

BRIDGET ROONEY, APPELLANT, V. CITY OF SOUTH SIOUX
CITY ET AL., APPELLEES.

FILED OCTOBER 20, 1923. No. 23181.

1. Municipal Corporations: VOID ASSESSMENT: INJUNCTION: DE-
FENSE OF ESTOPPEL. In a suit for an injunction to prevent a city
from collecting void assessments for special benefits accruing to
plaintiff's land by municipal paving, estoppel by knowledge of
the improvement and by failure to object thereto or to the as-
sessments is not available as a defense.

2. ——: ——: ——. A court of equity may grant an in-
junction to prevent the collection of void assessments of private
property to pay for special benefits resulting from the paving
of streets.

3. ——: ORDINANCES: APPROVAL. A city council in passing an
ordinance may make the time of its going into effect depend upon
its approval by the mayor.

4. ——: ——: ——. A city ordinance which, by its own
terms, is not to become operative until approved by the mayor
does not go into effect before the happening of that event, evi-
denced, as it must be, by a public record of approval bearing his
genuine or authorized signature.

5. ——: ——: ——. A person who was formerly mayor
of a city, after expiration of his term of office and his retire-
ment therefrom, has no authority to approve a city ordinance
passed during his incumbency and depending for its becoming
operative upon the approval of the mayor.

6. ——: ——: ——. Where a city charter makes the ap-
proval or rejection of an ordinance the exclusive function of
the mayor, and that officer, during his incumbency, fails to ap-
prove an ordinance which, by its terms, goes into effect upon
approval, the council has no authority to correct its minutes to

(1)

show his oral approval while mayor and to permit him, after his retirement upon expiration of his term, to write his name in a blank under a form of approval indorsed on the ordinance.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Reversed.*

*W. V. Steuteville,* for appellant.

*Sidney T. Frum* and *George W. Leamer, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and GOOD, JJ., SHEPHERD, District Judge.

ROSE, J.

This is a suit for an injunction to prevent defendants from collecting for special benefits municipal paving assessments of $9,830.24 on 81.5 acres of land owned by plaintiff in South Sioux City. Defendants are South Sioux City, its treasurer, and the treasurer of Dakota county. The city council passed an ordinance April 17, 1920, authorizing in one improvement district composed of the entire city the paving of its principal street and two lateral streets, one of the latter intersecting plaintiff's land. South Sioux City is a city of the second class. Authority to pave its streets is granted by its charter. Comp. St. 1922, sec. 4283. The paving contract was let under the city ordinance May 17, 1920, and the pavement was completed in August, 1921. It is to prevent the collection of assessments for special benefits accruing to plaintiff's land by reason of the paving that the injunction is sought. The petition contains allegations amounting to pleas that the improvement ordinance never went into effect; that a few acres only of plaintiff's assessed land is tillable, a portion being swampy and the rest fit for pasturage alone; that her land has not been benefited by the paving, and that the assessments therefor are confiscatory and void. Facts constituting grounds for an injunction were put in issue by an answer. A trial below resulted in a dismissal of the action. Plaintiff has appealed.

To justify the dismissal, defendants call attention to the

undisputed fact that plaintiff, with knowledge of the pav-
ing, made no objection thereto or to the incurring of the
expenses thereof and failed to appear before the assessing
officers to resist or correct assessments. The argument on
this proposition, however, does not answer the plea that
the ordinance authorizing the paving never went into effect
and that consequently the assessments for special benefits
were void. If the assessments are void, estoppel is no
defense to the petition. A familiar rule of equity author-
izes an injunction to prevent the collection of void assess-
ments of private property to pay special benefits resulting
from the paving of streets.

Are the assessments void? The concluding sentence of
the paving ordinance in question is in these words:

"This ordinance shall be in full force and effect from
and after its passage, approval, posting and publication,
according to law."

"Approval" included the genuine or authorized signature
of the mayor. Ordinances which become laws of a city do
not rest in parol. The time of their going into effect does
not depend on oral proof. Under the city charter the mayor
had power to approve or veto the ordinance. Comp. St.
1922, sec. 4172. He did not sign an approval during his
term of office. When he retired the place for his name un-
der the form of approval on the ordinance itself was a
blank. In the meantime the streets were paved and the
assessments levied. Under the specific provision quoted,
the ordinance was not to go into effect until approved by
the mayor. He was the chief executive officer. The coun-
cil had authority to make his approval a condition of allow-
ing the ordinance to go into effect. His approval bore a
proper relation to the subject-matter of the ordinance—was
germane to the legislation. Both the provision for the
paving of the streets and the contingency of approval were
valid when the council adopted the ordinance. Making the
enactment effective upon its approval was not a prohibited
delegation of legislative power to the mayor, but was a
legitimate exercise of authority making it effective upon

the happening of a contingent event germane to the subject-matter of the legislation. *Mayor and City Council of Baltimore v. Clunet*, 23 Md. 449; *Heman Construction Co. v. Loevy*, 64 Mo. App. 430; *Thomas v. City of Grand Junction*, 13 Colo. App. 80; *City of Rushville v. Rushville Natural Gas Co.*, 132 Ind. 575. A text-writer familiar with legal principles and precedents stated the law as follows:

"Municipal ordinances, otherwise valid, may, like an act of the legislature, be adopted to take effect in the future and upon the happening of a contingent event." 1 Dillon, Municipal Corporations (4th ed.) sec. 309.

The provision requiring the mayor's approval being valid when adopted, the ordinance could not become effective until the happening of that event. *State v. Kirkley*, 29 Md. 85; *City of Buffalo v. Chadeayne*, 134 N. Y. 163; *Bradley-Ramsey Lumber Co. v. Perkins*, 109. La. 317. After the mayor's term of office expired and after the paving was completed, the private individual who had formerly been mayor wrote his name on the original ordinance under a formal approval thereof, acting pursuant to an attempt on the part of the council to make the municipal record conform to what had previously taken place. When the term of the mayor expired he had no official power as such and his signature as a private individual added nothing to the blank filled by his name. To meet the logic of this situation, defendants assert that the mayor promptly approved the ordinance, but inadvertently failed to sign the approval thereon. In this connection defendants invoke the doctrine that the city council, after the improvement had been made, had authority to correct its former minutes to speak the truth in regard to the approval—a step said to have been taken. The answer to this argument is that the council had no authority to correct its record to make the ordinance show on its face a timely and legal approval when the truth was that there had never been such an approval. The council by resorting to a correction had no power to discharge a duty imposed by the charter upon the mayor exclusively. Had plaintiff examined this ordinance before the paving was

Rooney v. City of South Sioux City.

completed, she would have seen that it was to take effect upon its approval—an unperformed official act of the mayor. She was not bound by his undisclosed, unrecorded mental operations or intentions. Penalties and the enforcement of assessments on private property. to pay for public improvements do not rest on such a precarious correction. This phase of state and municipal legislation was subjected to former judicial scrutiny. In *State v. Kirkley*, 29 Md. 85, 109, the court said:

"A law which, by its own terms, is to have no effect until the happening of a future contingent event, cannot be made effective *before* the event happens by any acts or series of supplements passed upon the assumption that the event *has* happened, and that the law is in force. All such acts, instead of possessing any curative powers, merely multiply errors."

It is argued further that the council had power to pass the ordinance over the mayor's veto, that the approval of the mayor was unnecessary, that the members of the council were unanimous in passing the ordinance, that the action of the council could have been taken by resolution or motion, and that the affirmative vote of the entire council was all that the city charter required. The fallacy in this argument is the disregarding of the proposition that the action of the council, whatever its form, was to become effective upon the approval of the mayor—an unperformed official act or contingent event which never came to pass.

There seems to be no escape from the conclusion that the paving ordinance never went into effect and that consequently the assessments against the land of plaintiff are void. It follows that she is entitled to an injunction. For the purpose of granting that relief, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.