SIOUX CITY BRIDGE COMPANY, APPELLANT, V. CITY OF SOUTH
SIOUX CITY ET AL., APPELLEES.

CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY
COMPANY, APPELLANT, V. CITY OF SOUTH SIOUX
CITY ET AL., APPELLEES.

FILED JUNE 24, 1924.  No. 23532.

Municipal Corporations:  VOID ASSESSMENTS:  INJUNCTION.  The
   collection of void assessments levied by a city on property spe-
   cially benefited by the paving of streets may be prevented by in--
   junction.  *Rooney v. City of South Sioux City*, 111 Neb. 1, fol-
   lowed.

APPEAL from the district court for Dakota county:  GUY
T. GRAVES, JUDGE.  *Reversed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,*
for appellants.

*George W. Leamer* and *Sidney T. Frum, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN and DAY, JJ.,
REDICK, District Judge.

ROSE, J.

These suits were brought to prevent officers of South
Sioux City and the county treasurer of Dakota county from
collecting paving assessments levied by South Sioux City
against property of plaintiffs therein.  Injunctions were
sought on the ground that the assessments were void, be-
cause the city in attempting to authorize the paving and in
levying assessments for special benefits proceeded under
what is called "Ordinance No. 122," which never went into
effect.  Defendants resisted the applications for injunctions
on the ground that ordinance No. 122 was valid and that
the proceedings thereunder were regular.  The trial court
upheld the city ordinance and dismissed the suits.  Plain-
tiffs appealed.

The decision is controlled by *Rooney v. City of South
Sioux City*, 111 Neb. 1.  Though it was therein held, for
reasons stated in the former opinion, that the assessments

were void because ordinance No. 122 never went into effect, it is nevertheless argued that an ordinance was unnecessary and that the affirmative action taken was authority for what was done by the city. The fallacy in this argument is the failure to recognize the proposition that the ordinance, according to its own terms, was to become effective only upon the approval of the mayor, an unperformed official act, and that this infirmity inheres in the proceedings of the council. It is therefore unnecessary to decide whether a valid ordinance is required, and that question is not determined.

It is argued further that the proceedings authorizing the paving and the assessments therefor are valid under ordinance No. 121, if ordinance No. 122 fails. The answer to this proposition is that the council proceeded with the improvement and defended these suits under ordinance No. 122. Ordinance No. 121, therefore, is not properly in issue. On the record presented the injunctions were erroneously denied. It follows that the judgment is reversed and the cause remanded for further proceedings, but with leave to defendants, if so advised, to amend their answers.

REVERSED.

Note—See Municipal Corporations, 28 Cyc. p. 1185.