DONALD S. WIGHTMAN, APPELLANT, v. CITY OF WAYNE, APPELLEE: C. H. HENDRICKSON, INTERVENER, APPELLEE.

15 N. W. 2d 78

FILED JUNE 23, 1944. No. 31819.

*H. E. Siman,* for appellant.

*Russell W. Bartels* and *Mark Ryan, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and CHAPPELL, JJ.

CARTER, J.

This is a suit to perpetually enjoin the city of Wayne from enforcing its lien for paving assessments upon certain real estate owned by the plaintiff and for a decree requiring the city of Wayne to specifically perform its contract to satisfy such lien. The trial court found against the plaintiff and dismissed the case. Plaintiff appeals.

This case is a sequel to the case of *Taxpayers' League v. Wightman,* 139 Neb. 212, 296 N. W. 886. The property in question was formerly owned by Alfred H. Lewis. The taxes being in arrears, the city of Wayne brought a suit to secure a sale of the property for payment of the taxes. On March 18, 1932, a decree of foreclosure was entered in which it was found that one Alice V. Lewis had a first lien on the property for $235.72 with interest at 12 per cent per annum and that the city of Wayne had a second lien for $2,713.76 with interest at the same rate. The property was sold at judicial sale and one Walter S. Bressler bid it in for the city in the amount of $4,600, the approximate amount of the two liens and the interest due upon them. Plaintiff then began negotiating with the officers of the city for a purchase of the property. It was finally agreed that plaintiff was to pay $1,500 for the property, free from all liens. Plaintiff paid $319.21 to Alice V. Lewis to satisfy her lien and $40 to Alfred H. Lewis for a quitclaim deed to the property. The balance of the $1,500 was paid to the city

and applied on taxes which accrued subsequent to the commencement of the foreclosure action. It is not disputed that the $4,600 bid, or any part of it, was ever paid by the city or its representative, Walter S. Bressler.

The record discloses that the agreement made was entered into by plaintiff and the officers of the city without any record thereof appearing in the minutes of the city council. It is the contention of the intervener that a city of the second class cannot in this manner enter into a valid contract for the sale of real estate. In this we concur. The power of the city of Wayne to contract with reference to its real estate is limited by section 17-401, Comp. St. Supp. 1941, and section 17-522, Comp. St. 1929. These provisions have been held to be mandatory. *Payne v. Ryan,* 79 Neb. 414, 112 N. W. 599. And where, as here, no record of the proceedings of the city council exists with reference to the matter under consideration, the presumption is that none took place. *Beverly Land Co. v. City of South Sioux City,* 117 Neb. 47, 219 N. W. 385. We necessarily conclude that there was no binding agreement made between the plaintiff and the city and, consequently, there is no agreement that can be enforced by the equitable remedy of specific performance.

Plaintiff prays in this suit for a perpetual injunction against the enforcement of the city's lien for taxes. In this respect we point out that in *Taxpayers' League v. Wightman, supra,* this court held that a finding that Donald S. Wightman was the owner of the property was correct, but that the finding that the city had no right, interest or claim upon said property and that the title thereto should be quieted in Wightman as against the city was erroneous. The effect of that holding was to confirm the title to the property in Wightman by virtue of the deed obtained from Alfred H. Lewis, the former title owner, subject to the lien of the city which is under discussion in the present litigation. We can find no basis for the entry of an injunction restraining the enforcement of the lien. There is no valid contract that can afford the basis for such a decree. The

lien of the city is valid and no reason has been pointed out that would entitle plaintiff to relief by injunction.

Plaintiff prays for general equitable relief and points out the facts which indicate that the equities of the situation are with him. He contends that he purchased the real estate in question for $1,500 which he paid. He proceeded during the pendency of the litigation to build a home upon the property worth approximately $8,500. He satisfied the first lien and procured a deed from the former title owner. Under these circumstances plaintiff claims that a court of equity should intervene and protect him by requiring the city to comply with an agreement which the city itself did not make. Ordinarily, if a city obtains money by mistake, or without authority of law, it has a duty to return it, but under the facts here recited plaintiff contends that this would not constitute an adequate remedy, and has not asked for its return.

The intervener contends that any claims of plaintiff for general equitable relief are barred under the principles of *res adjudicata*. In *Taxpayers' League v. Wightman, supra,* the defendant Wightman filed an answer in which he asked for a dismissal of plaintiff's amended petition and for general equitable relief. Any available remedy could have been asserted in that case. The issues in that case in effect determined every issue raised by the present case. But whether they were specifically determined or not, every issue in the present case could have been raised in the former suit.

This court has adopted the following rule on the subject: "The rule is that a party should not be vexed more than once for the same cause of action, and the doctrine of *res adjudicata* includes not only the things which were determined in the former suit, but also any other matter properly involved which might have been raised and determined therein." *Shepard v. City of Friend,* 141 Neb. 866, 5 N. W. 2d 108.

It will be observed that in *Taxpayers' League v. Wightman, supra,* the trial court quieted the title to the property in Donald S. Wightman against all parties, including the

city of Wayne. On appeal, this court reversed the judgment and directed the trial court to quiet the title in Wightman, subject to the valid lien of the city of Wayne. The validity of the lien of the city was the primary issue in that case. In the present case plaintiff seeks to enjoin the enforcement of the lien which our previous decision held valid. The defense of *res adjudicata* which intervener interposed is a complete bar to the remedy of injunction which he now seeks. See *State v. Broatch*, 68 Neb. 687, 94 N. W. 1016; *Triska v. Miller*, 86 Neb. 503, 125 N. W. 1070; *State ex rel. Sorensen v. Newman Grove State Bank*, 128 Neb. 422, 259 N. W. 170.

The question is raised whether the money paid by Wightman should be credited on the lien of the city. While plaintiff did not ask that this be done, it would seem that the city is obligated to mitigate plaintiff's loss in any way that it can, consistent with its powers and duties as prescribed by statute. Whether plaintiff has any rights in the funds to be derived by the sale of the property by virtue of the construction of the residence on the property is a question that is not an issue in the present suit and is a matter incidental to the distribution of the fund derived from the sale.

It is urged by the city that we ought to declare the rights of the parties to avoid a future multiplicity of suits. It is contended that the claims of plaintiff resulting from the construction of the house on the property, if they are not previously determined, will have the effect of chilling the bidding when the property is offered for sale to satisfy the city's lien. The query is also made whether the retention of the $1,500 by the city up to the present time might not estop the city from asserting any claim to proceeds derived from the sale of the property with the house on it as distinguished from the sale of the real estate alone. Whether the city may enrich itself by retaining the proceeds from the sale of the house as well as the proceeds from the sale of the real estate in view of the negotiations of its officers and the subsequent action of the city in retaining the $1,500 after the rights of the parties had been determined by the final decree of this

court is a question not now before us. Any holding by us on these questions would in effect be a declaratory judgment on questions not presented, argued or briefed by the parties. This court is clearly without power to so declare the law unless the Uniform Declaratory Judgments Act (Comp. St. 1929, sec. 20-21,140 *et seq.*) is complied with.

We think the trial court was correct in holding that the pleadings and evidence afford the plaintiff no basis for relief.

AFFIRMED.