CITY OF VALENTINE, NEBRASKA, APPELLANT, V. VALENTINE MOTEL, INC., A CORPORATION, APPELLEE.
125 N. W. 2d 98

Filed December 6, 1963.   No. 35489.

Healey & Healey, Harvey L. Goth, and W. Gerald O'Kief, for appellant.

John C. Coupland and Lane, Baird, Pedersen & Haggart, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is an annexation case brought by the City of Valentine against the defendant. From the sustaining of a motion for summary judgment against it, the City of Valentine appeals. The general question involved in this case centers around the power of a city council to amend its minutes nunc pro tunc, after the commencement of litigation, for the purpose of complying with requirements of the applicable annexation statutes.

Section 17-407, R. R. S. 1943, insofar as pertinent here provides: "When any city or village shall desire to annex to its corporate limits any contiguous territory, * * * and if a resolution to annex such territory, describing the same in general terms, be adopted by a two-thirds vote of all the members-elect of such council or board of trustees, *the resolution, and the vote thereon, shall be spread upon the records of the council or board.*" (Emphasis supplied.)

Upon performance of these conditions, the next succeeding statute, section 17-408, R. R. S. 1943, provides authority for the city filing a petition for annexation in the following language: "The city or village *may thereupon* present to the district court of the county in which such territory lies, a petition praying for the annexation of such territory, * * *." (Emphasis supplied.) This

statute further provides that the petition must set out the resolution of annexation and, in substance, must declare compliance with the conditions set out above in section 17-407, R. R. S. 1943.

We go now to the undisputed evidence supplied by the affidavits and exhibits offered by both parties. The minutes of the December 11, 1961, meeting of the Valentine city council, as actually recorded at the time and approved by the council as then written on January 8, 1962, show that a resolution for the annexation of defendant's property was offered and seconded. Although these minutes "spread upon the records of the council" the name vote by yeas and nays on many other official actions, both before and after the offer of this resolution, they are silent as to such action with respect to the resolution of annexation. No vote was called for or recorded, and there was no declaration of the passage of the resolution. The mayor did not sign the resolution or the minutes. At this point, we observe that an inspection by an interested party of the minutes spread upon the record would have revealed a failure of legal adoption of the resolution. As hereafter pointed out, this condition of the minutes remained the same until July 2, 1962, over 6 months later.

On December 12, 1961, the plaintiff filed the petition in this case, which stands unamended, alleging the resolution, its adoption, the vote by name, and that the resolution together with the vote thereon was "duly spread upon the records of said council." On May 25, 1962, defendant filed a motion for summary judgment, supported by the clerk's affidavit showing the actual minutes of December 11, 1961, and their approval by the council as then written on January 8, 1962.

During the pendency of this motion and while it was being set for hearing, the city council on July 2, 1962, passed a resolution (exhibit 4) ordering a nunc pro tunc amendment to its previously approved minutes of December 11, 1961, which amendment adds the following:

"On roll call vote, the following was the result: YEAS: Richardson, Flynn, Chicoine, Miller, Thompson NAYS: None The President declared the motion carried." It omitted from the former record the words: "Approved: _____."

Mayor

Proof of this action by the council, taken without leave of the court, was presented to the court by affidavits received in evidence in the hearing on the motion for summary judgment. These affidavits show an informal agenda that the clerk had prepared for the December 11, 1961, meeting, her handwritten notes made at the meeting, and her recital that the additional min- utes referred to above were not spread upon the record due to an inadvertent typing oversight.

The trial court sustained the defendant's motion for summary judgment, and the plaintiff appeals, asserting the validity of the purported nunc pro tunc order to supply the missing statutory requirements of the orig- inal minutes.

The facts are not in dispute. The case presents solely a question of law as to the retroactive validity of the nunc pro tunc resolution and order of the city council on July 2, 1962. The plaintiff asserts, citing many cases, that if the minutes were defective as the result of an inadvertent error, the council as an administrative body could amend the minutes to reflect the truth of the pas- sage of the resolution and the vote thereon; that such amendment relates back to the time of the making of the originally defective record; and that, therefore, in law the statutory requirements have been met. The po- sition of the appellant assumes that if the record now demonstrates the passage of the resolution and the re- cording of the votes by name, then the requirements of the statute, section 17-407, R. R. S. 1943, have been met. The statute, quoted above, requires passage of the reso- lution by a two-thirds vote, the recording of the vote, and that such action be "spread upon the records," all

prior to and as a condition precedent to the filing of the petition in district court for annexation. Beyond the mandatory requirement of adoption, is there a special significance and purpose to the provision requiring *the vote by name to be spread upon the record prior to the filing of the petition?* We think there is. In construing a similar statute, our court passed on this question in Payne v. Ryan, 79 Neb. 414, 112 N. W. 599. There the statute was worded in less explicit language than the one before us. It provided that ordinance adoption should be: "* * * by the council or board of trustees, the yeas and nays shall be called and *recorded.*" In the present case the statutory requirement is stated: "* * * shall be spread upon the records of the council or board." In the Payne case, *supra,* it is said: "The language of this statute is clear and explicit, and leaves no doubt in the mind that it is mandatory, and that the provisions of the statute relating to the *calling* and *recording* of the yeas and nays on the passing of an ordinance *must be strictly complied with.* The object of the statute is to require that a record shall be made and kept of all proceedings by which an ordinance is passed and becomes valid. The provisions of the statute requiring the calling of the yeas and nays were made that there might be no doubt that the requisite number had voted for the passage of the ordinance, *and the provisions requiring the recording of the yeas and nays were intended to require an indisputable record of the necessary action in passing an ordinance, and that the public might have the opportunity to know how their councilmen had voted upon the passage of any given ordinance.* It was intended to avoid any reliance, *after the passage of years.* upon the *frailties of human memory to sustain the action of the council* or the board of trustees in its action in adopting or passing an ordinance." (Emphasis supplied.)

This holding giving special purpose and significance to the element of spreading upon the records of the

council is the general rule. See 5 McQuillin, Municipal Corporations (3d ed.), § 14.04, p. 12. Such statutes are generally held to be mandatory. In 37 Am. Jur., Municipal Corporations, § 144, p. 757, it is stated: "* * * and the requirement that the record be kept stands on no different footing from that relating to the manner of voting. The reason for such enactments is that the people generally, and particularly the constituency of an alderman, are *entitled to know how their representatives vote on important questions.*" (Emphasis supplied.)

In such a situation, there is no presumption of statutory compliance. Wightman v. City of Wayne, 144 Neb. 871, 15 N. W. 2d 78. Outside of this presumption, the very basis for passage of the nunc pro tunc order was that the statute was not complied with at the time or prior to the filing of the petition. In Beverly Land Co. v. City of South Sioux City, 117 Neb. 47, 219 N. W. 385, in condemning and nullifying a city council nunc pro tunc order amending its minutes 18 months later to show that the mayor signed an ordinance and the record of the yea and nay votes, our court said: "To permit the record *as made at the time* to be changed by parol testimony would amount to a judicial repeal of a legislative enactment. Farmers Telephone Co. v. Town of Washta, 157 Ia. 447. This very ordinance required, as a condition to its enactment, that the mayor should sign. The record of both requirements should be so plain that the interested citizens or successors in office could have no doubt of the action taken. It is to prevent just such a condition as we find in this case that the requirement of a complete record is made mandatory by the statutes." (Emphasis supplied.)

We point out that on January 8, 1962, the next council meeting following December 11, 1961, the minutes were recorded and approved "as written." Apparent is the square application of the principles above announced. A property owner in the area to be annexed, or any interested citizen inspecting this public record, would be

entitled to rely on the law and facts as then represented, and act accordingly on the basis that there was no legal adoption of the annexation resolution. To permit the *recording* of the fact of passage at a later time and for the purposes of litigation would be to permit the violation of the disclosure requirement of the statute as a condition precedent to annexation proceedings, would affect intervening rights of interested parties, and would open up an opportunity for fraud and uncertainty as to something that the very requirement of the statute was designed to prevent.

A case directly in point on the situation presented here is Steiger v. City of St. Genevieve, 235 Mo. App. 579, 141 S. W. 2d 233. The Missouri annexation statute required that "the ayes and nays be entered on the journal." This was not done but the minutes at the initial meeting did show that it was read three times and "was unanimously adopted." After litigation was started the board of aldermen ex parte at a special meeting amended the original minutes to show the ayes and nays in compliance with the statute. In declaring such action null and void, the court recognized the inherent power of a board to correct its records to speak the truth, nunc pro tunc, but made the same distinction with reference to the requirement that it be placed of record as we have discussed herein. Said the court: "Such a statutory requirement, being specifically designed and intended to *afford and enforce publicity as regards the votes of the individual members* of a board of aldermen upon a matter coming before them for their official action, is to be strictly observed, and, by reason of its *mandatory character*, constitutes *a condition precedent to* the validity of those actions or proceedings of the board which fall within the comprehension of the statute." (Emphasis supplied.) This case was further based on the holding that during the existence of the fatal defects and omissions in the record, that the public and interested parties had a right to rely thereon and

that intervening rights might accrue as a result thereof.

It is true here that the council passed the resolution of annexation unanimously and that it was voted on individually all as first revealed in the nunc pro tunc resolution and order of July 2, 1962. The plaintiff urges voluminous authority that the record may be corrected by ex parte proceedings to reflect the truth. It is not necessary or indicated that we should pass generally on the ambit of this power or whether it may be exercised ex parte and be effective at any particular stage of litigation without court permission or adjudication as to its propriety.

Assuming that it may correct the record to show adoption of the resolution and the recording of the name vote, it could not be amended on July 2, 1962, to show that such action was "spread upon the records" prior to the time that the spreading on the record actually took place, July 2, 1962. Or to put it conversely, if it were a fact that it was spread upon the record but that the record at some subsequent time through error or mistake did not reflect this truth, then the propriety of such an order could be considered. The mandatory jurisdictional requirement that these matters "shall be spread upon the records of the council," before and as a condition precedent to the filing of a petition for annexation has not been met. To hold otherwise would defeat the declared conditions set out in the statute and destroy the purpose of disclosure of the vote prior to the beginning of the proceedings. To hold otherwise would prejudice the possible intervening rights of property owners and citizens relying on the face of the record of the approved minutes, and lend temptation to officials to not disclose their vote until the exigencies of the litigation demanded it. The vote is to be disclosed *in advance* of petition filing, and not by proof of a retroactive order designed to meet the necessities of proof on trial. Under the applicable rule as to motions for summary judgment, this essential allegation of the plaintiff's petition

has been pierced to show conclusively the absence of compliance with the mandatory requirements for maintenance of this action under the applicable statute. The trial court came to the same conclusion, and its judgment dismissing the action is affirmed.

AFFIRMED.