REQUESTED BY: Dear Senator Maresh:
This is in reply to your inquiry concerning problems with titles to land because of a failure to obtain prior approval of subdivisions by the governing municipalities.
You ask whether sections 19-916 through 19-921, R.R.S. 1943 allow for after the fact approval of the subdivision or addition by the municipality and whether such subsequent approval would cure the title defect problem.
It is the opinion of this office that the answer to both of your questions is no for the following reasons.
Section 19-916, R.R.S. 1943 provides in part:
 "No addition shall have any validity, right or privileges as an addition, and no plat of land or, in the absence of a plat, no instrument subdividing land within the corporate limits of any such municipality, or contiguous to the same, shall be recorded or have any force or effect, unless the same be approved by the governing body and its approval endorsed thereon."
Section 19-917, R.R.S. 1943 requires a proper ordinance duty enacted by the governing body in order to vacate an existing plat and addition. Section 19-918, R.R.S. 1943 provides that to subdivide real estate within the corporate limits you must comply with the provisions of section19-917. Section 19-919 also provides that any plat or instrument effecting the subdivision of real property described in section 19-918 has no force or effect unless it is approved by the governing body of the municipality.
In Village of Niobrara v. Tichy, 148 Neb. 517,63 N.W.2d 867 (1954) at page 524, the court stated:
 "The making and filing of a plat of a subdivision of land by the owner, the dedication of streets and alleys shown on the plat, the continuous exercise by the municipality of authority thereafter over such platted area, and taxation of the territory and property thereon for municipal purposes do not annex the platted area and make it a part of the village or extend the corporate limits of the village. The reason for the insufficiency of either or all of these to have that effect is that they or any of them is not the exercise of the jurisdiction given the municipality to annex territory to it. The rule is stated in Wagner v. City of Omaha, supra: `A municipal corporation or its corporate authorities have no power to extend its boundaries otherwise than provided for by legislative enactment or constitutional provision. Such power may be validly delegated to municipal corporations by the legislature and where so conferred must be exercised in strict accord with the statute conferring it.'"
Since these statutes require the prior approval of the subdivision, annexation or vacation, the late approval by the governing body would not cure the title defect problem since a gap in time would exist between the initial attempted subdivision and the approval at a later date by the governing body.
In City of Valentine v. Valentine Motel, Inc.,176 Neb. 63, 125 N.W.2d 98 (1963), the City of Valentine attempted to comply with the statutory requirements for annexation by passing a nunc pro tunc order to supply the missing statutory requirements for annexation and the court held that this could not be done.
For these reasons we feel that late approval by the governing body of the particular municipality would not correct the title defect.