STATE OF NEBRASKA EX REL. CHARLES E. SCHULER,
APPELLANT, V. FLOYD DUNBAR ET AL., APPELLEES.

333 N.W.2d 652

Filed April 21, 1983. No. 81-915.

George Rhodes, for appellant.

Gregory Jensen, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

McCOWN, J.

This is an action by the relator taxpayer against the three persons who constituted the board of commissioners of Loup County, Nebraska, to have declared void an act of the commissioners taken on January 3, 1978, setting salaries of various county officials for the ensuing term beginning in 1979. The District Court found that the defendants, at their January 3, 1978, meeting, took the equivalent of a rollcall vote with respect to the salary increases and that the record of that action was validly corrected nunc pro tunc, and dismissed the relator's petition.

This is the second appearance of this case in this court. On the previous appeal this court determined that there was not sufficient evidence to support the judgment of the District Court that Neb. Rev. Stat. § 84-1413(2) (Reissue 1981), requiring a rollcall vote of the public body in open session, had been complied with as to the meeting of January 3, 1978. This court said: "There is, therefore, no testimony that a rollcall vote was taken, nor any testimony as to how a particular member voted or whether a member abstained." *State ex rel. Schuler v. Dunbar,* 208 Neb. 69, 75, 302 N.W.2d 674, 678 (1981). The court therefore remanded the cause for further proceedings.

Upon remand to the District Court the parties stipulated that the evidence from the previous trial should be admitted into evidence. The defendants then adduced additional evidence, the relator adduced rebuttal evidence, and the matter was submitted to the court.

The record now reflects that on January 3, 1978, the three defendants, who constituted all the members of the board of county commissioners, met at the county courthouse to consider and discuss increases in the salaries of county officials for the ensuing term. The original minutes of that meeting show that all three commissioners were present and that they "set" specified new salaries for the terms of office beginning January 1979. The original minutes do not indicate whether a motion was made and seconded, whether a rollcall vote was taken, or whether the votes were recorded in any manner.

The board of county commissioners met again on January 10, 1978, and at that meeting the minutes of the January 3, 1978, meeting were read and approved. On December 6, 1978, the relator filed the petition in this proceeding, alleging that the salary increases approved at the January 3, 1978, meeting of the board were void because no rollcall vote had been taken or recorded.

On January 15, 1979, after the present action had been commenced, the following action was taken: "Motion made by Pollard, seconded by Schrup the [sic] the minutes of the January 3, 1978 meeting of the Loup County Commissioners be corrected to reflect the vote of the Board on the action taken in setting the salaries of the county officials for the terms of office beginning January 4, 1979, said vote being yes, unanimous."

The above-quoted words were then typed on the bottom margin of the original minutes of the January 3, 1978, meeting under the previously affixed signature of the county clerk. Also on the margin was the handwritten phrase, "As corrected January 15, 1979."

At the original trial in 1979 there was no direct evidence as to what actually occurred at the meeting of January 3, 1978, except the original minutes. This court held that the corrective action of January 15, 1979, was the sole support for the trial court's finding

and that the nunc pro tunc amendment, standing alone, was insufficient to satisfy the requirements of § 84-1413(2).

At the trial on remand the individual who was county clerk at the time of the January 3, 1978, meeting testified. She outlined the procedures followed at county board meetings and testified that decisions were reached by mutual agreement, and that to her knowledge there had been only one nonunanimous decision by the board during her tenure as county clerk.

With respect to the meeting of January 3, 1978, the former clerk testified that all three of the commissioners agreed to the figures that were presented. When asked as to the actual words that were used in reaching the agreement, she answered: "I can't say word for word, it would be just more of a feeling that they just agreed, you know; Do you agree with this? Yes. But, I can't say that that is the words that they said."

The clerk prepared the minutes for the January 3, 1978, meeting, and when asked whether, in her capacity as county clerk, she showed in the minutes any action taken by the board that they had not discussed and agreed upon, she responded, "No."

At the conclusion of the second trial the District Court found that the defendants, at their January 3, 1978, meeting, took the equivalent of a rollcall vote with respect to the salary increases and that their action on January 15, 1979, which amended the January 3, 1978, minutes nunc pro tunc, was correct. The District Court therefore dismissed the relator's petition and the relator has appealed.

On this appeal the relator contends that the recording of the rollcall vote at the time the vote is taken is a separate, mandatory condition and that a failure to record at the time renders void any action premised on the vote. The relator therefore argues that such a mandatory recording requirement cannot be met by a nunc pro tunc amendment correct-

ing the original minutes. Neither the applicable statutes nor the common law supports the relator's contention.

Section 84-1413(2) provides in part: "Any action taken on any question or motion duly moved and seconded shall be by roll call vote of the public body in open session, and the record shall state how each member voted, or if the member was absent or not voting."

Neb. Rev. Stat. § 84-1414(1) (Reissue 1981) provides in part: "Any motion, resolution, rule, regulation, ordinance or formal action of a public body made or taken in violation of any of the provisions of sections . . . 84-1413 . . . shall be declared void by the district court." The statutory language indicates that it is the failure to *make* or *take* the vote in accordance with the statute rather than the failure to record a properly taken vote which will result in a declaration of invalidity.

Section 84-1413(2) does not require the record to state that the vote was by rollcall, but requires only that the record show if and how each member voted. Neither does the statute set a time limit for recording the results of a vote, after which no corrections of the record can be made.

As a general rule a public body may, at a subsequent meeting, if no intervening rights of third persons have arisen, order the minutes or record of its own proceedings at a previous meeting to be corrected according to the facts, so as to make them speak the truth, although the record has once been approved. 56 Am. Jur. 2d *Municipal Corporations, Etc.* § 179 (1971).

The purpose of a nunc pro tunc correction is to make the record speak the truth. Its purpose is not to correct oversights or failures in the performance of mandatory acts. *State ex rel. Schuler v. Dunbar,* 208 Neb. 69, 302 N.W.2d 674 (1981).

On the basis of the evidence the trial judge found that the commissioners took the equivalent of a roll-

call vote with respect to the salary increases and that the nunc pro tunc correction of the January 3, 1978, minutes was correct. The decision of a trial judge on a question of fact in a law action will not be set aside on appeal unless clearly wrong. *Blaha GMC-Jeep, Inc. v. Frerichs,* 211 Neb. 103, 317 N.W.2d 894 (1982).

In determining whether the findings of the District Court are supported by the evidence, this court must consider the evidence and all permissible inferences therefrom in a light most favorable to the successful party. *Graff v. Farmers Mut. Home Ins. Co.,* 211 Neb. 13, 317 N.W.2d 741 (1982). On the record in the case at bar it cannot be said that the determination of the District Court was clearly wrong.

The fact finder has determined that all statutory requirements for taking valid action on the salary increases at the meeting of January 3, 1978, had been complied with, except recording the vote. A failure to include in the record facts which actually occurred ought not to make otherwise valid action permanently void and unchangeable.

The relator maintains that four decisions of this court mandate that a failure to record the vote at the time the vote is taken renders the action void and unalterable. The cases cited are *Payne v. Ryan,* 79 Neb. 414, 112 N.W. 599 (1907); *Beverly Land Co. v. City of South Sioux City,* 117 Neb. 47, 219 N.W. 385 (1928); *Village of McGrew v. Steidley,* 208 Neb. 726, 305 N.W.2d 627 (1981); and *City of Valentine v. Valentine Motel, Inc.,* 176 Neb. 63, 125 N.W.2d 98 (1963). *Payne, Beverly,* and *McGrew* involved situations in which this court specifically found that the required action had not been taken by the public body and therefore the attempted nunc pro tunc amendments were improper because they did not reflect what actually occurred.

In *Valentine* the statute involved required that if a resolution of annexation was adopted by a two-thirds vote of all the members of the city council, "the

resolution, and the vote thereon, shall be spread upon the records of the council or board." Neb. Rev. Stat. § 17-407 (Reissue 1962) (now repealed). The minutes actually recorded at the time show only that a resolution for annexation was offered and seconded. As this court said: "No vote was called for or recorded, and there was no declaration of the passage of the resolution. The mayor did not sign the resolution or the minutes. At this point, we observe that an inspection by an interested party of the minutes spread upon the record would have revealed a failure of legal adoption of the resolution." *Id.* at 65, 125 N.W.2d at 100.

In *Valentine* the taking of the action and compliance with all the statutory requirements were necessary conditions precedent to the filing of a petition in District Court for annexation of the property involved, but in that case the petition for annexation was filed in the District Court before any change in the council record had been made. The *Valentine* case is distinguishable from the case now at bar.

In the case at bar the statute requires only that the record shall state how each member voted or if the member was absent or not voting. The statute requires that a proper vote be *taken* as a prerequisite to the validity of the action. It does not require that the proper vote be *recorded* as a separate condition of validity. If, in fact, the vote was properly taken, the failure to properly record it at the time it was done does not make the action void.

To the extent that *State ex rel. Schuler v. Dunbar,* 208 Neb. 69, 302 N.W.2d 674 (1981), held that the recording of the rollcall vote at the time of the vote is a separate, mandatory condition of validity and cannot thereafter be corrected, the opinion is disapproved.

In the case at bar the minutes of the January 3, 1978, meeting were subsequently corrected to reflect what actually occurred at that meeting. We hold that if no intervening rights of third persons have

arisen, a board of county commissioners has power to correct the record of the proceedings had at a previous meeting so as to make it speak the truth, particularly where the correction supplies some omitted fact or action and is done not to contradict or change the original record but to have the record show that a certain action was taken or thing done, which the original record fails to show.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.