# IN THE COURT OF APPEALS OF IOWA

No. 24-1725
Filed July 23, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KOREY LYNN CHRISTIAN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, Judge.

     A defendant appeals from the acceptance of his guilty plea and the resulting conviction and sentence. **APPEAL DISMISSED.**

     Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

     Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, for appellee.

     Considered without oral argument by Greer, P.J., Chicchelly, J., and Potterfield, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**GREER, Presiding Judge.**

After pleading guilty and being sentenced based on a charge of theft in the third degree, Corey Christian appeals, arguing that the district court failed to dismiss the criminal theft prosecution even though the State violated his right to speedy trial contained in Iowa Rule of Criminal Procedure 2.33(2)[1] and that violation makes his sentence illegal. We find he did not preserve error on this challenge and, in any event, did not establish good cause to appeal his guilty plea, which was the genesis of his claim.

On April 10, 2024, a warrant was issued for Christian's arrest on a charge of theft in the third degree after he took property from a farm store in March and April 2024. Christian was released on his own recognizance from custody upon his promise to appear at an initial appearance on April 23. On April 19, his counsel filed a pleading captioned "appearance and waiver of initial appearance" that only stated counsel "makes appearance on behalf of [Christian]." The trial information was filed May 30, which was followed by Christian's written arraignment and not guilty plea. Then, he waived his right to speedy trial on July 9. After that he entered into a plea agreement and pled guilty on September 27. Less than a week later, on October 1, the district court sentenced him to a term of

---

[1] The speedy-trial rule in effect at the time of Christian's arrest states:

> When an adult is arrested for the commission of an offense, . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution be dismissed unless good cause to the contrary is shown. For purposes of this rule, the 45-day period commences for an adult only after the defendant has been taken before a magistrate for an initial appearance or a waiver of the initial appearance is filed.

Iowa R. Crim. P. 2.33(2)(a) (2024).

imprisonment not to exceed two years and a suspended fine of $855. Christian did not file a motion in arrest of judgment even though he was properly instructed about the ramifications related to that motion.

On appeal, Christian asserts that because his July 9 indictment was filed forty-eight days after his arrest on April 12, outside the statutorily required forty-five-day window, the district court did not have jurisdiction or authority[2] to sentence him. *See* Iowa R. Crim. P. 2.33(2)(a). The State disputes this math and asserts that Christian cannot use the arrest date as the starting point and if the waiver of appearance filed in this matter is considered, the requirements for filing the trial information were met.

To start, Christian maintains he is not challenging his guilty plea itself but instead that the district court did not have jurisdiction or authority *to accept* Christian's guilty plea or sentence him because neither the time requirements under Iowa Rule of Criminal Procedure 2.33(2) were not met, which—if followed— would have required a dismissal of the charges. Along with this position, he claims trial counsel failed to file a waiver of initial appearance that substantially complied with the requirements of form 9.[3] "We review interpretations of the speedy indictment rule for errors at law." *State v. Harris*, 12 N.W.3d 333, 335 (Iowa 2024) (citation omitted). But before we reach the merits of Christian's

---

[2] While Christian discussed differences between these terms in his appellate brief, he references both a lack of jurisdiction and lack of authority as reasons for his challenge and appears to use the two terms interchangeably.

[3] *See* Iowa R. Crim. P. 2.2(2)(c) (stating in part, "An attorney for the defendant may waive the initial appearance on the defendant's behalf by executing and filing a written waiver that substantially complies with rule 2.37—Form 9"). Christian waived this argument as he only refers to it briefly on appeal. *See* Iowa R. App. P. 6.903(2)(a)(8)(3). We do not consider it.

substantive argument, we must determine if this court has jurisdiction over his claim. The State contends that Christian's challenge is to his guilty plea and conviction and that the sentence that he bargained for is a "mere corollary" to that challenge since Christian makes no allegation of a defect in the sentencing procedure or an abuse of discretion.

On our review, the core of Christian's argument is that his trial counsel and the district court did not calculate the time required to file the indictment properly, which would have required a dismissal of the charges. This is not a challenge to an illegal sentence but, rather, a challenge to claimed procedural errors made before he pled guilty, which he argues invalidates the guilty plea. *See State v. Hering*, No. 10-1360, 2011 WL 3129213, at *1 (Iowa Ct. App. July 11, 2011) ("Notwithstanding [defendant's] strenuous arguments to the contrary, his speedy-trial objection is not an argument that his sentence is inherently illegal. Instead, it is an impermissible attempt to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." (cleaned up)); *State v. Velez*, No. 13-0996, 2015 WL 405828, at *1 (Iowa Ct. App. Jan. 28, 2015) ("Challenges to a violation of speedy trial or speedy indictment rules do not constitute a challenge to an illegal sentence."); *State v. Stephen*, No. 10-0286, 2011 WL 5393453, at *8 (Iowa Ct. App. Nov. 9, 2011) ("We agree with the State a challenge that the government violated rule 2.33 is not one that may be brought as a challenge to an illegal sentence."). And tellingly, Christian's requested relief involves us vacating the plea itself—not just his sentence. When faced with that core argument, we look to see if error was preserved for our review on appeal. We have said a defendant must raise the speedy-trial challenge when a trial court

still has the ability to address it below and not for the first time on appeal. *See State v. Nicholson*, No. 20-0320, 2021 WL 2135017, at *2 (Iowa Ct. App. May 26, 2021) (noting a speedy-trial challenge not made below does not comply with error preservation rules and refusing to address issue when defendant "did not bring that issue to the court's attention when it could have taken corrective action"). Here there was no challenge raised to any speedy-trial issue at the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

As to Christian's creative argument that he is not challenging the guilty plea he signed but the court's acceptance of the plea, it was incumbent on him to raise the issue through a motion in arrest of judgment if he believed his accepted guilty plea needed to be set aside. *See State v. Rutherford*, 997 N.W.2d 142, 145 (Iowa 2023) (noting a general rule that appellate courts lack jurisdiction over direct appeals from a guilty plea pursuant to Iowa Code section 814.6(1)(a)(3) (2024)).

> A legally sufficient reason to appeal as a matter of right is a reason that, at minimum, would allow a court to provide some relief on direct appeal. Here, there is no such possibility. [The Defendant] pleaded guilty and requested immediate sentencing. He waived his right to file a motion in arrest of judgment. His failure to file a motion in arrest of judgment precludes appellate relief.

*State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). Because Christian did not file a motion in arrest of judgment, he has not established good cause and we lack jurisdiction to decide this appeal. *See State v. Hanes*, 981 N.W.2d 454, 462 (Iowa 2022); *see* Iowa R. Crim. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the

adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").

Yet, Christian further refined his appellate argument to assert that his sentence was an "illegal sentence . . . where the court lacked the power to impose the sentence." Christian points to *State v. Chawech*, in which our supreme court stated that illegal-sentence challenges are limited to "claims that the court *lacked the power to impose the sentence* or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or the sentence itself is unconstitutional." 15 N.W.2d 78, 85 (Iowa 2024) (citation omitted) (emphasis added). Christian contends that even though he pled guilty, a void sentence cannot be allowed to stand under the theory the defendant waived error. *See id.* ("Because an illegal sentence is void, it is subject to attack *even if* the defendant invited it or even specifically requested it.").

Iowa jurisprudence holds that "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). While Christian argues that procedural defects arising under rule 2.33 prevented the district court from imposing sentence, he does not contend that the terms of his imposed sentence is illegal. But sentencing challenges that are exempt from error preservation rules fall into two categories. *See Chawech*, 15 N.W.3d at 84. Christian argues his challenge falls under the illegal sentence category. An "illegal sentence" is defined as:

> a sentence that could not have been lawfully imposed for the defendant's conviction or convictions. An illegal sentence includes a separate sentence for a conviction where that conviction merged

into another conviction. Challenges to the defendant's underlying convictions or claims that the sentencing court abused its discretion in imposing a sentence within legal limits do not raise illegal sentencing issues.

Iowa R. Crim. P. 2.24(5)(b). And as the State points out, Christian has not met this hurdle as he has not argued that the terms of the sentence imposed were "inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *Anderson v. Iowa Dist. Ct.*, 989 N.W.2d 179, 181 (Iowa 2023) (quoting *State v. Lopez*, 907 N.W.2d 112, 122 (Iowa 2018)). Nor did Christian argue that the sentence was not authorized by statute. *See State v. Letscher*, 888 N.W.2d 880, 884 (Iowa 2016).

So when we return to the core of the argument, we find Christian could not establish good cause to challenge his guilty plea and, in any event, he did not preserve error to address the speedy-trial challenge. Following, this court has no decision to review, and we lack a legally sufficient reason to reach the merits of his argument on appeal. We dismiss the appeal.

**APPEAL DISMISSED.**